Donald Allen CORY, Appellant,

v.

The CITY OF NORMAN, a municipal corporation; Jim Crosby, City Manager of Norman; and Perry Brown, Chief of Norman Fire Department, Appellees.

No. 67864.

Court of Appeals of Oklahoma,
Division No. 4.

June 21, 1988.

Benjamin E. Stockwell, Peggy Stockwell, Stockwell Law Offices, Norman, for appellant.

Jeff H. Bryant, Asst. City Atty., Norman, for appellees.

REIF, Presiding Judge.

Plaintiff Donald Cory appeals the denial of attorney's fees following his successful suit for declaratory judgment and injunctive relief to keep his job with the defendant, City of Norman. On the merits of the case, the trial court held that the nepotism provision in Norman's City Charter prohibiting appointment of certain relatives of the City Manager and Council Members did not require Cory's firing after six years of employment, 1980 through 1986, due to the election of his mother-in-law to the City Council in 1986.

 There is no controversy that the statutory provisions concerning declaratory judgment, 12 O.S.1981 §§ 1651 through 1657, do not authorize the award of an attorney fee to the prevailing party. Likewise, the statutes governing injunctive relief, 12 O.S.1981 §§ 1381 through 1397, do not authorize the party obtaining an injunction to be awarded an attorney fee. *See also Kiddy v. City of Oklahoma City*, 576

P.2d 298, 301 (Okla.1978). Cory, nonetheless, asserts that his case involves "overriding considerations," which *City National Bank v. Owens*, 565 P.2d 4, 8 (Okla.1977), recognized will justify an award of attorney's fees in the absence of statutory authority. In particular, Cory argues that both exceptions established in *Owens*—oppressiveness by the adverse party in the litigation, and a decision benefiting a class of persons or the public interest —are present in this case. He claims the award of attorney's fees is justified through the inherent equitable power of the court. Additionally, Cory argues that the City's failure to timely respond to his motion for attorney's fees resulted in a "confession" of the motion under District Court Rule 4(e), 12 O.S.Supp.1987, Ch. 2, App.

■ If this court were at liberty to award Cory an attorney fee on the basis of our sense of fairness, we would unhesitatingly do so. However, the strong constraints of precedent against courts awarding attorney's fees in the absence of statutory authorization, considered with the narrowly and limitedly applied exceptions, compel us to affirm the trial court's denial of an attorney fee. First, the record does not disclose "oppressiveness" by the City resulting in a waste of either Cory's litigation resources or the court's time and effort. In fact, the City Attorney was most accommodating and the issue was presented to the court on the pleadings, stipulations, briefs, and argument of counsel. It is difficult to imagine a more expeditious way in which this controversy could have been joined and decided. Where the record does not support a claim of oppressiveness, attorney fees are properly denied. *See Webb v. Dayton Tire and Rubber Co.*, 697 P.2d 519 (Okla.1985).

■ Next, we acknowledge that Cory's circumstances presented a sort of "test case." However, it only incidentally benefited other employees or the public interest. Examination of Cory's petition reveals that Cory did not purport to seek relief for a class, or even all employees. Moreover, the court's injunction specifically applied to Cory and did not extend to others similarly situated. Interestingly, in *Kiddy*, 576 P.2d at 301, the supreme court denied attorney's fees to the plaintiff notwithstanding the court's finding that his pursuit of injunctive relief to redress a deprivation of rights inured to the benefit of "the individual plaintiff and all others similarly situated." Where a successful plaintiff only "secondarily" benefits others by prevailing on his claim, attorney fees are properly denied under this exception. *See Estate of Katschor*, 637 P.2d 855, 857 (Okla.1981).

Finally, the mere fact that the City did not timely respond to Cory's post-judgment motion cannot furnish a basis for an award of attorney's fees. Very simply, it is the moving party's burden to establish that his requested fee is reasonable in amount and is for necessary services, *and* that it is authorized. A Rule 4(e) "confession" cannot authorize the court to act when the law does not so provide.

As regrettable and as "unfair" as it may seem, the trial court's denial of an attorney fee to Cory must be affirmed.

RAPP and STUBBLEFIELD, JJ., concur.