**ARKOMA GAS COMPANY, Appellant,**

v.

**OTIS ENGINEERING CORPORATION, Appellee.**

No. 64063.

Supreme Court of Oklahoma.

March 23, 1993.

Kenneth L. Buettner, Robert W. Dace and McAfee & Taft, Oklahoma City, for appellant.

Rodney J. Heggy, Cheek, Cheek & Cheek, Oklahoma City, for appellee.

HARGRAVE, Justice.

Certiorari to Court of Appeals, Oklahoma City Divisions, to review an unpublished order of that court rendered on the accelerated docket. The issue is whether the trial court, in determining a reasonable attorney's fee under 12 O.S.1981 § 936, erred in considering the size of plaintiff's recovery

and reducing the claimed attorney fee accordingly.

The plaintiff, Arkoma Gas Company, sued Otis Engineering Corporation for damages allegedly caused by defendant's supplying a defective bridge plug for use in plaintiff's drilling operation. Plaintiff originally alleged three grounds for recovery: negligence, products liability and breach of implied warranty, seeking in excess of $70,000.00 in damages. At the pretrial conference, defendant was permitted to interpose a counterclaim for $6,712.43, the unpaid purchase price of the plug.

The case was tried before a jury in October, 1984, only on the theory of implied warranty. The jury was instructed that a finding for the plaintiff would automatically defeat defendant's counterclaim. After a three-day trial, the jury returned a verdict for plaintiff for $100.00 on its claim and, accordingly, against defendant on its counterclaim. Plaintiff then moved for assessment of attorneys' fees against defendant as costs under 12 O.S.1981 § 936.[1] A hearing was held November 16, 1984 at which the trial judge determined the plaintiff was the prevailing party and set a hearing for February 26, 1985 to determine the amount of attorneys' fees. At the February 26, 1985 hearing, plaintiff's attorney submitted an affidavit and detailed time records reflecting 319.8 hours spent on the case. Plaintiff's attorneys computed the total hours times hourly rates ranging from $140.00 per hour to $45.00 per hour, for attorneys' fees of $23,397.23, inclusive of expenses, plus additional attorneys' fees for the attorney fee hearing totalling $24,627.23. Plaintiff had one attorney witness testify as to the reasonableness of the hours billed for the kind of case involved and as to the prevailing rates in the community. There was no real dispute that the hours spent or the rates charged were reasonable. The question was whether the claimed attorneys' fees were excessive in light of plaintiff's marginal success.

The trial judge found that the hours and rates asserted by plaintiff were reasonable, but felt that an award of $24,627.23 as attorneys' fees would be excessive and unfair where plaintiff recovered only $100.00. The trial judge recited that he had considered all of the factors in *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659 (Okl.1979), but felt that he was required to consider the entire circumstances to ensure that such award was fair and reasonable under the circumstances. The trial judge awarded plaintiff attorneys' fees based on compensating plaintiff's two lawyers fully for the three days of trial, at a rate of $160.00 per hour, and then increased the total amount to an award of $5,500.00, plus costs of $1,313.35.

The plaintiff appealed, contending that the trial judge abused his discretion by taking account any factors other than reasonable hours multiplied by a reasonable rate, which plaintiff claims was the mandate of *State ex rel. Burk v. City of Oklahoma City, supra*. Plaintiff's argument is, in effect, that once plaintiff is found to be the prevailing party and entitled to reasonable attorneys' fees under 12 O.S.1981 § 936, the trial judge is bound by *State ex rel. Burk, supra*, to award plaintiff a fee determined by multiplying reasonable hours spent by a reasonable hourly rate. The plaintiff contends that the "other factors" listed in *State ex rel. Burk, supra*, are to be used only in determining any bonus to plaintiff's attorneys. Since no bonus was requested, their argument goes, then the trial judge was not at liberty to consider any other factors in making the award of attorneys' fees. The Court of Appeals agreed with plaintiff and remanded to the trial court with directions to enter an award of attorneys' fees to plaintiff for $24,627.23, plus an additional attorney fee for the appeal. Subsequent to the decision of the Court of Appeals, we decided *Southwestern Bell Telephone Company v. Par-*

---

1. 12 O.S.1981 § 936 provides:
"In any civil action to recover on an open account, * * * or contract relating to the purchase or sale of goods, wares or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject to (sic) the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs."

*ker Pest Control, Inc.,* 737 P.2d 1186 (Okl. 1987), which effectively answered the question presented herein. We grant defendant's petition for writ of certiorari and vacate the order of the Court of Appeals.

In *Southwestern Bell Telephone Company, supra,* we recognized that the amount of the recovery, along with the amount sued for, may and should be taken into account by the trial judge in each case where an attorneys' fee is awarded. In that case Southwestern Bell sued Parker seeking $3,867.00 unpaid balance on a contract. Just before trial Parker offered to confess judgment for $1,500.00. Southwestern Bell accepted, and the trial court awarded Southwestern Bell $5,000.00 attorneys' fee. Parker appealed, asserting that the fee was clearly excessive. After determining that attorneys' fees were recoverable by Southwestern Bell, we turned to the question of whether a $5,000.00 attorney fee was reasonable considering the amount sued for and recovered. Southwestern Bell had submitted evidence of 113.25 hours spent at rates ranging from $50.00 to $90.00 per hour. Citing *Catlin Aviation v. Equilease Corporation,* 626 P.2d 857 (Okl. 1981), and *Oliver's Sports Center v. National Standard Insurance,* 615 P.2d 291 (Okl.1980), we observed that we have never, in *State ex rel. Burk, supra,* or otherwise, rejected the notion that the attorney fee should bear some reasonable relationship to the amount in controversy. *Southwestern Bell Telephone Company, supra,* at p. 1189. After answering that question, we turned to the facts of the case to find that the $5,000.00 fee awarded to Southwestern Bell was excessive, and reduced same to $3,000.00. In *Catlin Aviation, supra,* plaintiff sued for a total of approximately $18,000.00. The trial court awarded $1,167.00 and we held it was not abuse of discretion to award plaintiff's attorney only $600.00 even though plaintiff's attorney had documented more than 100 hours spent on the case.

*Southwestern Bell Telephone Company, supra,* clearly answers the questions raised by plaintiff in asserting error on behalf of the trial judge. Plaintiff's sole issue on appeal was the reasonableness of attorneys' fees awarded by the trial judge and the perceived failure of the trial judge to follow the mandate of *State ex rel. Burk, supra. Southwestern Bell Telephone Company, supra,* makes clear that the trial court may consider factors other than reasonable hours multiplied by a reasonable rate in determining a reasonable attorney fee under 12 O.S.1981 § 936.

 Based on the facts in the case at bar we cannot say that the trial court abused its discretion as a matter of law. The trial judge stated that he had weighed and considered the factors outlined in *State ex rel. Burk, supra.*[2] The trial judge found that counsel for both parties had exercised reasonable skill and diligence in representing their clients and that there was no question of material fact as to the hourly rate. The trial judge stated that he did not find any difficult questions of law in the case. Our review of the record is in accord. We do not have before us the trial transcript so we must rely upon the trial judge's perception of the case. There was no suggestion that any actions by the defense caused plaintiff's attorneys to expend an excessive amount of time. Reasonableness of attorneys' fees is a question for the trier of fact. The trial judge, as the trier of fact, took account the facts specified in *State ex rel. Burk, supra,* including a reasonable hourly rate times a reasonable number of hours. The trial judge considered the amount of the attorneys' fees in relation to the result achieved by plaintiff and considering the lack of novelty or complexity of the case. The statute awards a reasonable attorney fee to the prevailing

2. Those factors are: 1. Time and labor required; 2. The novelty and difficulty of the questions; 3. The skill required to perform the legal service properly; 4. The preclusion of other employment by the attorney due to acceptance of the case; 5. The customary fee; 6. Whether the fee is fixed or contingent; 7. Time limitations imposed by the client of the circumstances; 8. The amount involved and the results obtained; 9. The experience, reputation and ability of the attorneys; 10. The undesirability of the case; 11. The nature and length of the professional relationship with the client; 12. Awards in similar cases.

party. What is reasonable in each case must be considered in light of the extent to which the plaintiff prevailed. We cannot find that the trial court's determination constituted abuse of discretion as a matter of law.

CERTIORARI HAVING BEEN GRANTED PREVIOUSLY, THE ORDER OF THE COURT OF APPEALS IS VACATED AND ORDER OF THE TRIAL COURT IS AFFIRMED.

HODGES, C.J., LAVENDER, V.C.J., SIMMS, OPALA, WILSON, KAUGER and SUMMERS, JJ., concur.

WATT, J., dissents.