1998 OK CIV APP 163

**Olga G. HALL, Plaintiff/Appellant,**

v.

**GLOBE LIFE AND ACCIDENT INSURANCE COMPANY, Defendant/Appellee.**

**No. 90521.**

Court of Civil Appeals of Oklahoma, Division No. 3.

June 9, 1998.

Rehearing Denied July 31, 1998.

Certiorari Denied Oct. 27, 1998.

**3.** *Crussel v. Kirk*, 1995 Okl. 41 ¶ 16, 894 P.2d 1116, 1121.

**4.** 22 O.S.1991, § 1235 and 22 O.S.1991 § 1237.

Jack S. Dawson, James A. Scimeca, Miller Dollarhide, Oklahoma City, for Plaintiff/Appellant.

Shannon L. Edwards, Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, for Defendant/Appellee.

## OPINION

BUETTNER, Presiding Judge.

¶1 Olga G. Hall sued Globe Life Insurance Company for breach of contract for failing to pay the proceeds of a life insurance policy and for bad faith in denying her claim on the policy. The trial court entered judgment on the jury's verdict in her favor, in which she was awarded the proceeds of the policy, $22,222, and $3,000 in damages on the bad faith claim.[1] Thereafter, Hall moved for attorney fees in the amount of approximately $60,000, reflecting time spent on the litigation multiplied by the firm's hourly rate (lodestar), plus an enhancement of about $25,000 based on the *Burk* factors. Having considered the testimony of expert witnesses, time records, and the *Burk* factors, including the fact the case was taken on a contingency basis, the trial court awarded Hall $20,000 in attorney fees. The award was based on Hall's arguably inflated evaluation of her case, the relatively modest amount recovered, and the fact that the court had declined to submit punitive damages to the jury. We affirm.

1. Globe Life appealed the judgment in case No. 88,579 which was affirmed by decision filed June

¶2 Hall complains that the award of attorney fees was too low and not based on competent evidence. She also contends that the trial court's reduction of the lodestar amount was based on the improper consideration of her "evaluation" of the case and on "results obtained." Hall also argues that the court abused its discretion by considering oral settlement offers. Finally, Hall states that the court abused its discretion when it failed to award her an enhanced fee.

¶3 When reviewing an award of attorney fees, we follow the rule that an "award of attorney fees is within the discretion of the trial court and will not be disturbed absent abuse of that discretion." *Green Bay Packaging, Inc. v. Preferred Packaging, Inc.,* 1996 OK 121, 932 P.2d 1091, 1097. In order to " 'reverse a trial court under abuse of discretion, it must be found that the trial judge made a clearly erroneous conclusion and judgment, against reason and evidence.' " *Id.* at 1097, citing *Broadwater v. Courtney,* 1991 OK 39, 809 P.2d 1310, 1312. "Reasonableness of attorney's fees is a question for the trier of fact." *Arkoma Gas Company v. Otis Engineering Corporation,* 1993 OK 27, 849 P.2d 392, 394. "When reviewing an issue of reasonableness of attorney fees, the standard of review is whether the trial court abused its discretion." *Miller v. Department of Public Safety,* 1996 OK CIV APP 71, 926 P.2d 797, 800.

¶4 We first address Hall's contention that the attorney fee was too low and that the low award was not based on competent evidence. We note that attorney fees are recoverable in a bad faith case pursuant to *Christian v. American Home Assurance Company,* 1977 OK 141, 577 P.2d 899, 906, and on the contract claim pursuant to 36 O.S.1991 § 3629(B). Because the court diminished the lodestar amount because of evaluation of the case, modest recovery, and Hall's failure to present evidence sufficient for the court to submit the issue of punitive damages to the jury, we need only decide whether the evidence supports the court's decision.

2, 1998.

■ ¶ 5 Attorney fees must bear some rational relationship to the amount recovered. *Southwestern Bell Telephone Company v. Parker Pest Control,* 1987 OK 16, 737 P.2d 1186, 1189. In this case, the amount in controversy and the amount recovered on the breach of contract claim was $22,222. With respect to the tort claim, Hall sued for an amount exceeding $10,000, and recovered $3,000.

¶ 6 The case was handled on a contingency fee basis. Testimony was that the fee agreement provided for a 40% fee if the case was tried.[2] Thus, using solely the fee agreement factor, the attorney would be entitled to no more than 40% of the amount recovered or about $10,400. The trial court awarded an amount that lies well between the lodestar amount and the contingency fee amount. We cannot say that the trial court abused its discretion in awarding the amount it did.

■ ¶ 7 Next, Hall states that the trial court abused its discretion when it based the award of attorney fees on her evaluation of her case and the results obtained. The eighth *Burk* factor is: The amount involved and the results obtained.[3] Hall claims that evaluation of the case is not a *Burk* factor. Evaluation of the case may be encompassed by the first part of the eighth factor—the amount involved. Because of the limitation on pleading tort damages, 12 O.S.1991 § 2008(A)(2), settlement offers between the parties may be the most realistic measure of what the party believes the amount involved in the case to be. We would be reluctant to hold that a trial court could not consider the fact that a party mistakenly valued a $30,000 case as a $1,000,000 case and expended time and money accordingly. Likewise, a trial court should be able to consider that a party valued a case at $40,000, but expended time and money as if it were a $1,000,000 case, just because of the possibility of recovering attorney fees. We cannot hold that consideration of settlement offers was error.[4]

■ 57 8 Finally, Hall asserts that the trial court erred in failing to enhance the award of attorney fees. Hall argues that two Oklahoma Supreme Court Cases *require* enhancement of the lodestar, using the *Burk* factors only for the enhancement amount. Hall cites *Brashier v. Farmers Ins. Co. Inc.,* 1996 OK 86, 925 P.2d 20, 25, which in turn cites *Oliver Sports Center Inc. v. National Standard Ins. Co.,* 1980 OK 120, 615 P.2d 291. The language in *Oliver* could lead one to conclude that, in awarding attorney fees, the lodestar should first be computed, and that the *Burk* factors are to be used only to increase the fee. 615 P.2d at 294–295. However, it is also clear that subsequent Supreme Court cases have clarified the *Oliver* language so that the *Burk* factors may also be used to reduce the lodestar.

¶ 9 In *Arkoma Gas Co. v. Otis Engineering Corp.,* 1993 OK 27, 849 P.2d 392, the trial court reduced the lodestar of $25,000 to $5,500. There was no objection to the reasonableness of the number of hours expended or the hourly rate. The primary factor for reduction was that the amount sued for was over $70,000, but the jury returned a verdict of $100. The Supreme Court made clear that the *Burk* factors may also be used to reduce the lodestar.

¶ 10 *Brashier* does describe the "Teachings of Oliver," but confirms that "the contingent nature of the litigation is one factor to

---

**2.** The maximum contingent fee would be 50%. 5 O.S.1991 § 7.

**3.** *State ex rel. Burk v. City of Oklahoma City,* 1979 OK 115, 598 P.2d 659, 661, citing *Evans v. Sheraton Park Hotel,* 164 U.S.App.D.C. 86, 96, 503 F.2d 177, 187 (1974) for guidelines enabling courts to arrive at just compensation for lawyers: (1) Time and labor required; (2) The novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) The experience, reputation and ability of the attorneys; (10) The "undesirability" of the case; (11) The nature and length of the professional relationship with the client; and (12) Awards in similar cases.

**4.** Nor do we consider the fact that the settlement offers were not written, in compliance with § 3629(B), to be material to their potential relevance. Compliance with § 3629(B) is important in determining prevailing party status under that statute, but is immaterial in determining the relevance of the offers for other purposes.

be considered when setting the amount." 925 P.2d at 25. It does not hold that contingency of recovery is the sole factor to consider. The court then described the facts of the case: 1) the lodestar totalled $32,262.50, and 2) trial court awarded $26,387.50 plus an additional allowance of $5,000 for a total of $31,387.50. The court then held that the award rested on competent evidence and was not excessive. The Supreme Court did not apply the literal language of *Oliver* because the total award was less than the lodestar.

 ¶ 11 Likewise, in *Arkoma, supra,* the Supreme Court referred to *Oliver* and *Catlin Aviation v. Equilease Corp.,* 1981 OK 13, 626 P.2d 857, and stated that it had never "rejected the notion that the attorney fee should bear some reasonable relationship to the amount in controversy." 849 P.2d at 394. Hall's attempt to apply the literal language of *Oliver* would expressly do exactly that. Because we hold that the trial court did not abuse its discretion in reducing the lodestar amount because of the amount involved, the relatively modest recovery, and failure to present sufficient evidence to submit a punitive damages instruction to the jury, it would be difficult, albeit not impossible, to find that the diminished lodestar should be enhanced. In a case more recent than *Brashier,* the Oklahoma Supreme Court, citing *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1545, 79 L.Ed.2d 891 (1984), stated that the trial court "may justify an upward adjustment only in the rare case where the fee applicant offers specific evidence to show that the quality of service rendered was superior to that one reasonably should expect in light of the hourly rates charged and that the success was 'exceptional'." *State ex rel. Oklahoma Bar Association v. Weeks,* 1997 OK 131, ¶ 11, — P.2d —.*

¶ 12 For the reasons stated, we find that the trial court did not abuse its discretion when it awarded Hall $20,000 in attorney fees.

AFFIRMED.

HANSEN and ADAMS, JJ., concur.

---

* Editor's Note: The opinion in *State ex rel. Oklahoma Bar Association v. Weeks,* 1997 OK 131, 1997 WL 663084, was withdrawn on grant of rehearing, July 14, 1998. For superseding opinion, see *State ex rel. Oklahoma Bar Association v. Weeks,* 1998 OK 83, 969 P.2d 347.