FIRST NATIONAL BANK & TRUST CO. OF ARDMORE v. KELLY



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:FIRST NATIONAL BANK & TRUST CO. OF ARDMORE v. KELLY

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 FIRST NATIONAL BANK & TRUST CO. OF ARDMORE v. KELLY
2019 OK CIV APP 57
Case Number: 117349
Decided: 09/20/2019
Mandate Issued: 10/16/2019
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2019 OK CIV APP 57, __ P.3d __

 


FIRST NATIONAL BANK & TRUST COMPANY OF ARDMORE, Plaintiff/Appellant,
v.
SHARON KELLY, a/k/a SHARON L. KELLY, As Personal Representative of the Estate of GREGORY L. KELLY a/k/a GREGORY LYNN KELLY, Deceased/SHARON KELLY, a/k/a SHARON L. KELLY/ The Unknown Occupants/The County Treasurer of Love County, State of Oklahoma and The Board of County Commissioners of Love County, State of Oklahoma. Defendants/Appellees.
APPEAL FROM THE DISTRICT COURT OF
LOVE COUNTY, OKLAHOMA
HONORABLE T. TODD HICKS, TRIAL JUDGE
REVERSED AND REMANDED
Carrie Pfrehm, Mike Mordy, MORDY, MORDY, PFREHM & WILSON, P.C., Ardmore, Oklahoma, for Plaintiff/Appellant,
Sharon Kelly, Burneyville, Oklahoma, Pro Se/Appellees,
Assistant District Attorney, Marietta, Oklahoma, for Defendants/Appellees.
BRIAN JACK GOREE, CHIEF JUDGE:
¶1 This is an appeal from a trial court's order awarding attorney fees and costs in a foreclosure action. Plaintiff/Appellant, First National Bank & Trust Company of Ardmore (Bank), sued Sharon Kelly (Kelly), individually and as Personal Representative of the Estate of Gregory L. Kelly, seeking foreclosure of its mortgage for failure to make due payments. Among its covenants, the mortgage contained language binding Kelly to pay Bank's legal expenses in the event litigation ensued. The trial court granted the foreclosure and awarded Bank attorney fees and costs. However, the award was less than Bank requested. The only evidence in the record supports Bank's calculation of the lodestar, which is the number of hours spent on a case multiplied by the attorney's hourly rate. If a trial court enhances or reduces the lodestar when assessing attorney fees, the court should include its specific reasons in the judgment. State ex rel. Burk v. City of Oklahoma City, 1979 OK 115, ¶8, 598 P.2d 659, 661. Because the trial court failed to substantiate its reduction in the lodestar with specific factual findings, the trial court abused its discretion. Accordingly, the trial court's decision is reversed and remanded.
BACKGROUND
¶2 Bank filed its Petition in January 2018 seeking judgment against Kelly and foreclosure of its mortgage. Kelly filed an answer in March 2018. Bank then filed its motion for summary judgment. Thereafter, Kelly's counsel filed a motion to withdraw, which the trial court granted in May. The hearing on Bank's motion for summary judgement was continued in order to give Kelly time to find new representation. Kelly did not obtain new representation, and the hearing on the motion for summary judgment took place in June 2018. Subsequently, the trial court granted the motion, awarding Bank $90,398.99, plus interest accrued and accruing thereon at the contractual rate, against Kelly as an individual and Personal Representative. The trial court further foreclosed the Mortgage and related modification agreements and awarded all court costs and a reasonable attorney fee.
¶3 Bank filed a motion to assess attorney fees and costs, requesting fees of $6,783.00 and costs of $2,083.54. Bank included a time log and applicable rates in the filing. In August 2018, Bank appeared for a hearing on Bank's request for attorney fees and costs. Kelly did not appear. The trial court awarded attorney fees of $4,260.00 and costs of $2,015.87. Bank appeals this award, claiming that the reduction in attorney fees and costs was an abuse of the trial court's discretion, and the original request accurately reflects a reasonable fee.
STANDARD OF REVIEW
¶4 A trial court's award of attorney fees and costs will not be disturbed unless there was an abuse of discretion. Burk, 1979 OK 115, ¶22, 598 P.2d 659, 663. An abuse of discretion exists where the court's decision was clearly erroneous, against reason and evidence. Abel v. Tisdale, 1980 OK 161, ¶20, 619 P.2d 608, 612. The reviewing court is limited to the issues actually presented in the trial court, "as reflected by the record." Frey v. Independence Fire and Cas. Co., 1985 OK 25, ¶6, 698 P.2d 17, 20. 
FAILURE TO FILE ANSWER BRIEF
¶5 Kelly's failure to respond to Bank's motion for attorney's fees has no effect on the trial court's determination of the fee's reasonableness. The moving party has the burden to show that his requested fee is for a reasonable amount, for necessary services, and is authorized by law. Cory v. City of Norman, 1988 OK CIV APP 7, ¶5, 757 P.2d 851, 852. Furthermore, Kelly's failure to file an answer brief does not warrant automatic reversal in favor of Bank. The trial court's judgment is presumed correct until the contrary has been shown by the record. Hamid v. Sew Original, 1982 OK 46, 645 P.2d 496. 
ATTORNEY FEES
¶6 Oklahoma follows the American Rule for recovering attorney fees. Under the American Rule, each litigant pays for its own legal representation. Courts are unable to award attorney fees without statutory authority or a contractual agreement between the parties. Barnes v. Okla. Farm Bureau Mut. Ins. Co., 2000 OK 55, ¶46, 11 P.3d 162, 179; Rout v. Crescent Pub. Works Auth., 1994 OK 85, ¶9, 878 P.2d 1045, 1049. The mortgage between Bank and Kelly authorizes the court to assess attorney fees by the following language:
Attorneys' Fees; Expenses. If Lender institutes any suit or action to enforce any of the terms of this Mortgage, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorney fees at trial or upon any appeal.
The mortgage language clearly shows both parties' intent that Lender, Bank, receive attorney fees and legal costs to the full extent the law allows and the court finds reasonable. Kelly signed the mortgage and subsequent modification agreements. Agreements to pay attorney fees in promissory notes are valid and enforceable. Baker Gin Co. v. N.S. Sherman Machine & Iron Works, 122 P.235, 236 (Okla. 1912).
¶7 The first step in calculating a reasonable attorney fee is to find the lodestar. Spencer v. Oklahoma Gas & Elec. Co., 2007 OK 76, ¶14, 171 P.3d 890, 895. The lodestar is the amount of hours spent on a case multiplied by the timekeeper's hourly fee. Burk, 1979 OK 115, ¶10, 598 P.2d 659, 661. Movants for attorney fees must set forth the amount requested along with information that supports that amount. 12 OK § 694.2(B). Typically the supporting information will provide the lodestar amount. Exhibit A to Bank's motion to assess attorney fees and costs provides such information; it is a detailed time log for the foreclosure case. The log includes the amount of time spent on specific tasks furthering the case, the timekeepers responsible for each task, and each timekeeper's hourly fee. This Exhibit provided Bank's basis to request the lodestar amount, $6,783.00 in fees and $2,083.54 in costs. However, the assessment for determining reasonable attorney fees does not begin and end with the lodestar calculation.
¶8 The trial court may also consider twelve factors that could enhance or reduce the lodestar amount. Arkoma Gas Co. v. Otis Engineering Corp., 1993 OK 27, 849 P.2d 392, 394; Burk, 1979 OK 115, ¶8, 598 P.2d 659, 661; Hall v. Globe Life & Acc. Ins. Co., 1998 OK CIV APP 163, ¶8, 968 P.2d 1260, 1262. The Burk factors are:

1) time and labor required;
2) the novelty and difficulty of the questions presented; 3) the skill requisite to perform the legal service properly;
4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client;
12) awards in similar cases.
After providing these factors, the Supreme Court of Oklahoma cautioned trial courts to "set forth with specificity the facts, and computation to support [their] award[s]." Id. at 663.
ANALYSIS
¶9 Failure to follow the directives set forth in Burk constitutes an abuse of discretion. Spencer, 2007 OK 76, ¶11, 171 P.3d 890, 895. Oklahoma has "a strong presumption that the lodestar method, alone, will reflect a reasonable attorney fee." Parsons v. Volkswagen of America, Inc., 2014 OK 111, ¶39, 341 P.3d 662, 671. There is no evidence in the record to indicate why the trial court chose to reduce the attorney fees reflected in the lodestar calculation. Absent a reason identified in the record, there is no way to discern whether the trial court arbitrarily reduced the award or appropriately applied the Burk factors.
¶10 In Spencer, the trial court acknowledged the Burk factors at a hearing on an application for attorney fees and costs, but it did not actually apply the factors. At the conclusion of the hearing, the court stated, "the suit was never anything more than a $5,000.00 case," then awarded $2,500 in attorney fees. However, the lodestar supported the requested amount of $8,775.37. On appeal, the Supreme Court of Oklahoma found the trial court's rationale to be arbitrary, requiring reversal.
¶11 The 10th Circuit, applying Spencer and Burk, found that a general percentage reduction in attorney fees, absent specific factual findings to support that amount, is arbitrary and an abuse of discretion. Thames v. Evanston Insurance Co., 665 Fed. Appx. 716, 722-23 (10th Cir. 2016). However, where the trial court sets forth specific reasons and factual findings substantiating an overall reduction, that award calculation is not arbitrary. Jane L. v. Bangerter, 61 F.3d 1505, 1510 -- 1511 (10th Cir. 1995); Payne v. Dewitt, 1999 OK 93, P19, 995 P.2d 1088, 1096. In the present case, the overall reduction was a little more than twenty-nine percent. The trial court offered no factual findings or specific reasons for the overall reduction.
¶12 The record supports Bank's lodestar calculation. Bank's time log, Exhibit A, reflects carefully recorded, individual accounts of all tasks necessary to the underlying case. Bank calculated the lodestar using those numbers and the hourly fees of each timekeeper. Nothing in the record indicates that the time spent on the case or the timekeepers' hourly fees were unreasonable. An abuse of discretion occurs when a decision has no basis in reason or evidence. In this case, the only evidence in the record supports the lodestar as a reasonable attorney fee, and as a result, the trial court must state its rationale when deviating from the lodestar calculation.
¶13 Reasonableness of attorney fees is left to the trial court's discretion because the trial court is uniquely positioned to see the demands of a case. However, without specific findings substantiating a reduction in the lodestar, the trial court's decision constitutes an abuse of discretion. 
¶14 The trial court's order is reversed. The case is remanded for further proceedings. Any order awarding attorney fees must include findings of fact and conclusions of law specifying the basis for any reduction or enhancement of the lodestar, or the reasons why the time expended, the rate charged, or the supporting documentation is unreasonable.
JOPLIN, P.J., and BUETTNER, J., concur. 




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1988 OK CIV APP 7, 757 P.2d 851, Cory v. City of Norman
Discussed
 1998 OK CIV APP 163, 968 P.2d 1260, 98 OBJ 3999, Hall v. Globe Life and Accident Insurance Company
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1993 OK 27, 849 P.2d 392, 64 OBJ 957, Arkoma Gas Co. v. Otis Engineering Corp.
Discussed
 1994 OK 85, 878 P.2d 1045, 65 OBJ 2433, Rout v. Crescent Public Works Authority
Discussed
 2007 OK 76, 171 P.3d 890, SPENCER v. OKLAHOMA GAS & ELECTRIC COMPANY
Discussed at Length
 2014 OK 111, 341 P.3d 662, HESS v. VOLKSWAGEN OF AMERICA, INC.
Discussed
 1979 OK 115, 598 P.2d 659, STATE EX REL. BURK v. CITY OF OKLAHOMA CITY
Discussed at Length
 1980 OK 161, 619 P.2d 608, Abel v. Tisdale
Discussed
 1999 OK 93, 995 P.2d 1088, 70 OBJ 3452, Payne v. DeWitt
Discussed
 1982 OK 46, 645 P.2d 496, Hamid v. Sew Original
Discussed
 2000 OK 55, 11 P.3d 162, 71 OBJ 3219, BARNES v. OKLAHOMA FARM BUREAU MUTUAL INS. CO.
Discussed
 1985 OK 25, 698 P.2d 17, Frey v. Independence Fire and Cas. Co.
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA