2007 OK 76

**Theresa SPENCER, Plaintiff/Appellant,**

v.

**OKLAHOMA GAS & ELECTRIC COMPANY, Defendant/Appellee.**

No. 103,404.

Supreme Court of Oklahoma.

Oct. 9, 2007.

Jerry L. Colclazier, Colclazier & Associates, Seminole, OK, for plaintiff/appellant.

William P. Tunell, Rainey, Ross, Rice & Binns, P.L.L.C., Oklahoma City, OK, for defendant/appellee.

WATT, J.

¶ 1 To dispose of the certiorari petition, we must resolve two issues. The first is whether the trial court abused its discretion in reducing the requested attorney fees of $8,775.37 by more than $6,000.00. It is apparent from the transcript of the hearing on the attorney fees issue that: 1) there was no real attempt to determine the amount to be awarded under the standards of *Burk v. Oklahoma City*, 1979 OK 115, 598 P.2d 659; and 2) no rational relationship exists between the attorney fees awarded and the evidence

presented. Therefore, we hold that the failure to follow the *Burk* directives and to award attorney fees consistent with the evidence constitutes an abuse of discretion requiring reversal.

¶ 2 The second issue requiring resolution is the appropriate fee to be awarded for Spencer's representation in the underlying cause. Under the facts and the evidence presented, we hold that $7,104.50 in attorney fees should be awarded as costs against OG & E.

## FACTS

### a. Underlying cause.[1]

¶ 3 The facts of the underlying action are highly disputed. Nevertheless, it is uncontested that Spencer, a disabled mother of three, paid her account with the electric company in full on November 13, 2002. The debt of approximately $484.00 was paid in cash for which the customer received a receipt. Two years later, Spencer applied for housing assistance.[2] She alleges her application was denied because OG & E refused to extend Spencer service, based on allegations that the November, 2002 bill remained outstanding,[3]

¶ 4 In January of 2005, Spencer filed suit seeking a declaration that she had paid her debt in full to OG & E and requesting damages. **OG & E answered in March raising affirmative defenses of insufficient service, unclean hands, limitations, failure to mitigate, Spencer's negligence and federal preemption.** In addition, OG & E counterclaimed for breach of contract alleging that, at the customer's request, the cash payment had been refunded and replaced with her personal check which was returned for insufficient funds. **The electric company sought payment for the outstanding bill. OG & E's answer and amended answer and counterclaim were followed a month later with a motion to dismiss adding arguments of improper venue and lack of authority to award damages in a declaratory judgment action.** Attached to the motion to dismiss is an affidavit of an OG & E employee explaining the activity report of the electric company indicating that Spencer made the cash payment on her account, requested its reversal and substituted a check which was returned dishonored. The record contains a copy of Spencer's cash receipt.[4] Notably absent therefrom is a copy of the allegedly dishonored check. The customer contends that the check would be impossible to resurrect as she had no checking account upon which to write a draft when she made the cash payment.

---

1. We recognize that acceptance of a confessed judgment removes all prejudgment issues from the trier of fact. *Fleet v. Sanguine, Ltd.*, 1993 OK 76, ¶ 9, 854 P.2d 892. Here, those facts are not considered for the purpose of determining whether the judgment confessed was supported by OG & E's actions. Rather, the actions of the parties are reviewed here to the extent necessary to determine only the attorney fees issue. Moreover, a judgment based on the agreement of the parties can do what a trial court may not, so long as the agreement does not contravene public policy. *Ingram v. Knippers*, 2003 OK 58, ¶ 14, 72 P.3d 17; *Whitehead v. Whitehead*, 1999 OK 91, ¶ 10, 995 P.2d 1098.

2. Spencer sought assistance under the so called Section 8 housing program pursuant to the United States Housing Act of 1937 (Housing Act). The Housing Act authorizes private landlords who rent to low income tenants to receive "assistance payments" from the Department of Housing and Urban Development (HUD) in an amount calculated to make up the difference between the tenants' rent payments and a "contract rent" agreed upon by the landlords and HUD. *Cisneros v. Alpine Ridge Group*, 508 U.S. 10, 113 S.Ct. 1898, 123 L.Ed.2d 572 (1993).

Under the program, the tenant pays approximately 30% of income toward the monthly rent, with the local housing authority paying the remainder directly to the landlord. See, *Salute v. Stratford Greens Garden Apartments*, 136 F.3d 293, 296 (2nd Cir.1998); see generally, 42 U.S.C. § 1437f.

3. OG & E's response to Spencer's application for attorneys fees and costs and reciprocal application for attorneys fees and costs, filed March 14, 2006, Exhibit C, Deposition of Shirlene Smith providing in pertinent part:

at pp. 3-4 "... Q Okay. Are you the designated officer, director or managing agent for purpose of this subpoena for the Seminole Housing Authority?
A Yes. I am...."
at p. 42 "... Q Ms. Smith, is it fair to say that if Ms. Spencer had had an account in her name at OG & E, that she would have gotten her Section 8 benefits?
A Right...."

4. Plaintiff's response to defendant's motion to dismiss, Exhibit A, filed May 13, 2005.

### b. Attorney fees issue.

¶5 On May 19, 2005, the trial court overruled OG & E's motion to dismiss. A year after the customer filed her petition, the electric company offered to confess judgment in the amount of $5,000.00 exclusive of "any costs or attorney fees."[5] The offer of judgment was made pursuant to 12 O.S. § 940(B).[6] Subsection A[7] of the same statute specifically provides that the prevailing party shall[8] be allowed reasonable attorney fees, court costs and interest. The offer was accepted the day after its filing and in February of 2006, Spencer filed her application for attorney fees and costs in the sum of $8,775.37. **Despite having made an offer of judgment under a statute allowing the collection of attorney fees, OG & E responded that none of the requested costs were recoverable and no statutory basis existed for the assessment of attorney fees.**

¶6 In the alternative, OG & E asserted that Spencer's application for attorney fees lacked trustworthiness. The assertion was based on discrepancies existing between the submitted request and a draft billing statement Spencer provided to OG & E on January 26, 2006.[9] If attorney fees were awarded, OG & E argued that they should be reduced by $3,450.00 reflected by the alleged differences in the draft statement and the statement submitted with Spencer's application. In addition, the electric company insisted that the customer's attorney fees were unreasonable, the hourly rates were insupportable and $840.00 in fees were incurred because of the attorney's mismanagement of the cause, specifically his need to file a motion to vacate after missing a disposition docket. Finally, OG & E sought the award of attorney fees in its favor based on equitable grounds[10] alleging that Spencer misrep-

---

5. There is nothing in the record to support OG & E's statement informing the Court it attempted an early settlement. See, Answer to Plaintiff/Appellant's Petition for Writ of Certiorari, filed on May 8, 2007, providing at p. 6, fn. 2:

 "In the penultimate paragraph of Plaintiff/Appellant's Petition for Writ of Certiorari, Plaintiff's counsel attempts to characterize OG & E as the party unwilling to settle, and instead adopting a 'scorched earth policy' in relation to the Plaintiff. *See* Petition for Writ of Certiorari, page 9. These allegations are unfounded, unverified, inaccurate, and untrue. To the contrary, this Court will be happy to learn that OG & E, at the initial stages of the litigation, offered Plaintiff's counsel a full settlement of the litigation, offering everything demanded in the Petition, without reservation. It is Plaintiff counsel's refusal of this offer, and his attempt to exploit the case for a nuisance settlement value, that has led to all subsequent attorneys fees."

6. In *Finnell v. Seismic*, see note 34, infra, we recognized that the duty to pay attorney fees could result both from actual damage to property and through a tort claim, the basis of which is the duty derived from a contractual relationship.

7. Title 12 O.S.2001 § 940 providing in pertinent part:

 "A. In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.

 B. Provided that, the defendant in such action may, not less than ten (10) days after being served with summons, serve upon the plaintiff or his attorney a written offer to allow judgment to be taken against him. If the plaintiff accepts the offer and gives notice thereof to the defendant or his attorney, within five (5) days after the offer was served, the offer, and an affidavit that the notice of acceptance was delivered within the time limited, may be filed by the plaintiff, or the defendant, verified by affidavit. The offer and acceptance shall be noted in the journal, and judgment shall be rendered accordingly. . . ."

8. Generally, the use of "shall" signifies a command. *Zeier v. Zimmer, Inc.,* 2006 OK 98, ¶7, 152 P.3d 861; *Cox v. State ex rel. Oklahoma Dept. of Human Services,* 2004 OK 17, ¶21, 87 P.3d 607; *United States through Farmers Home Admin. v. Hobbs,* 1996 OK 77, ¶7, 921 P.2d 338. Nevertheless, there may be times when the term is permissive in nature. *Cox v. State ex rel. Oklahoma Dept. of Human Servs,* this note, supra; *Minie v. Hudson,* 1997 OK 26, ¶7, 934 P.2d 1082; *Texaco, Inc. v. City of Oklahoma City,* 1980 OK 169, ¶9, 619 P.2d 869.

9. The offer to confess judgment was filed on January 30 and accepted on January 31, 2006. It can be assumed that the draft billing statement was provided to OG & E as a prelude to the offer to confess judgment.

10. *Dean Bailey Olds, Inc. v. Richard Preston Mtr. Co., Inc.,* 2000 OK 89, ¶15, 32 P.3d 816; *City Nat'l Bank & Trust Co. v. Owens,* 1977 OK 86, ¶15, 565 P.2d 4.

resented facts relating to Spencer's inability to obtain housing assistance.

¶ 7 The hearing on Spencer's attorney fees and costs application was held on April 21, 2006. The trial court found that Spencer was entitled to attorney fees under 12 O.S. Supp.2002 § 936 [11] as a result of OG & E having counterclaimed for the payment of an outstanding amount on the customer's utility account and pursuant to 12 O.S.2001 § 938 [12] allowing the recovery of attorney fees in civil actions to retrieve overpayments for utility services or to establish the right to such services.

¶ 8 At the hearing, Spencer's attorney testified as to the reasonableness of his hourly rate of $180.00 for out of court time and $250.00 for court appearances. The attorney also explained the differences between the draft statement submitted to OG & E and the statement submitted with his application

for attorney fees as having resulted from computer difficulties in his office requiring him to reconstruct the statement from his office records. The attorney testified that the reformulated statement was extremely accurate and that he believed the 47.68 hours reflected in the statement were reasonable, especially considering the electric company's statements indicating they had a minimum of 125 hours of attorney time invested in the cause. [13]

¶ 9 The trial court announced its decision at the conclusion of the hearing, listing the factors to be considered under *Burk v. Oklahoma City*, 1979 OK 115, 598 P.2d 659 when making an attorney fees award. Nevertheless, the trial court concluded the ruling with the assumption that the suit was never anything more than a $5,000.00 case and awarded Spencer $2,500.00 to be taxed against OG & E along with costs. [14]

11. Title 12 O.S. Supp.2002 § 936 providing:

"In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs."

12. Title 12 O.S.2001 § 938 providing:

"In any civil action or proceeding to recover for the overpayment of any charge for water, sanitary sewer, garbage, electric or natural gas service from any person, firm or corporation, or to determine the right of any person, firm or corporation to receive any such service, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs."

13. Transcript of proceedings, April 21, 2006, providing in pertinent part at pp. 39–41:

"... MR. COLCLAZIER: ... I've been practicing law for approximately 17 years, and, I believe, I have the experience and technical skills to charge rates of $180 an hour for out of Court time; and I believe that the rates which I charge are equal to the rates which are charged by other attorneys in the Seminole area. I charge $250 an hour for in Court time which I also believe is appropriate and reasonable for other attorneys in the Seminole area. The only unusual thing about this case, Judge, that is-is that we had a computer crash in which I lost much of my billing.... We had to kind of recreate billing...."

But anyway in this case, I had to go back through the pleadings to recreate the best that I could, and using my memory, and my—the docketing program that we have in terms of Court appearances, I recreated the billing statement for the most part, and believe it to be extremely accurate. When I finally got the information back from Mr. Tunell and compared it, it was very, very close, and I believe I've asked for reimbursement of 47.68 hours. When Mr. Tunell objected to my hourly rate as well as the number of hours that I put into the case, I subpoenaed his hourly records for the same case. I believe he request—or he billed 125 hours for the same case that I billed 47 hours on ...."

14. Transcript of proceedings, April 21, 2006, providing in pertinent part at pp. 70–71:

"... THE COURT: ... And taken into account the time and labor required, the novelty and difficulty of the questions involved, the skill required to perform the legal service properly, the likelihood that the acceptance of this employment by Mr. Colclazier will preclude other employment by him, taking into account the fee customarily charged in this locality for similar legal services, taken into account the amount involved, and the results obtained, and defendant offered to settle for $5,000, the Plaintiff accepted that, so I am operating on the assumption that this was a $5,000 case from the beginning, taken into account the time limitations imposed by the circumstances, the experience, reputation, ability of the lawyer performing the services, and generally trying to figure out what is fair and reasonable, taken into account the amount involved and the re-

¶10 Spencer appealed asserting that the trial court abused its discretion in reducing the requested attorney fees over $6,000.00 and arguing that, rather than being reduced, the requested attorney fees should have been increased under *Burk v. Oklahoma City*, 1979 OK 115, 598 P.2d 659. In an unpublished opinion, the Court of Appeals affirmed. On April 16, 2007, Spencer filed her petition for certiorari. OG & E filed its answer on May 8th. On June 28, 2007, we granted certiorari to settle the attorney fees dispute.

¶11 **a. The failure to follow the directives of *Burk v. Oklahoma City* in setting the attorney fees and to make an award consistent with the evidence presented constitutes an abuse of discretion requiring reversal.**

¶12 Spencer asserts that the trial court abused its discretion in reducing the requested fee of $8,775.37 by more than $6,000.00. OG & E argues that there was no abuse of discretion and that the award should stand. We disagree with the electric company's contention.

### 1) *Burk* analysis.

 ¶13 A trial court's attorney fees award is reviewed for abuse of discretion.[15] An abuse of discretion occurs when a decision is based on an erroneous conclusion of law **or where there is no rational basis in evidence for the ruling.**[16] Generally, the correct formula for calculating a reasonable

fee is to: 1) determine the compensation based on an hourly rate; and 2) enhance the fee through consideration of the factors outlined in *Burk v. Oklahoma City*, 1979 OK 115, 598 P.2d 659 (*Burk* factors).[17] In all cases, the attorney fees must bear some reasonable relationship to the amount in controversy.[18]

 ¶14 The factors set out in *Burk v. Oklahoma City* are: time and labor required; novelty and difficulty of the questions; skill requisite to perform the legal service; preclusion of other employment; customary fee; whether the fee is fixed or contingent; time limitations; amount involved and results obtained; experience, reputation and ability of the attorneys involved; risk of recovery; nature and length of relationship with the client; and awards in similar causes. An attorney seeking an award must submit detailed time records and offer evidence of the reasonable value of the services performed based on the standards of the legal community in which the attorney practices.[19] Thereafter, steps are taken to determine a reasonable fee. First, **from the detailed time records,**[20] a lodestar fee is arrived at by multiplying the attorney's hourly rate by the hours expended. Second, the fee may be enhanced by application of the *Burk* factors. Finally, any fee so calculated is subject to the rule that it must be reasonable and bear some reasonable relationship to the amount in controversy.[21]

sults obtained, and noting that this starts out as a $484 utility bill dispute that ripens into a bigger issue, and then it finally settled for $5,000, and everything else involved that I've heard today, Plaintiff is awarded a fee of $2,500 to be assessed against the Defendant, plus Court costs that I've already indicated...."

15. *McCabe v. McCabe*, 2003 OK 86, ¶13, 78 P.3d 956; *Tibbetts v. Sight 'n Sound Appliance Ctrs.*, 2003 OK 72, ¶3, 77 P.3d 1042; *Merritt v. Merritt*, 2003 OK 68, ¶20, 73 P.3d 878; *Hamilton v. Telex Corp.*, 1981 OK 22, ¶27, 625 P.2d 106.

16. *Fent v. Oklahoma Natural Gas Co.*, 2001 OK 35, ¶12, 27 P.3d 477; *KMC Leasing, Inc. v. Rockwell–Standard Corp.*, 2000 OK 51, ¶9, 9 P.3d 683; *Abel v. Tisdale*, 1980 OK 161, ¶20, 619 P.2d 608.

17. *State ex rel. Department of Trans. v. Norman Indus. Dev. Corp.*, 2001 OK 72, ¶8, 41 P.3d 960;

*Morgan v. Galilean Health Enterprises, Inc.*, 1998 OK 130, ¶16, 977 P.2d 357.

18. *Finnell v. Seismic*, see note 34, infra; *Southwestern Bell Tel. Co. v. Parker Pest Control, Inc.*, see note 21, infra; *Arkoma Gas Co. v. Otis Engineering Corp.*, 1993 OK 27, ¶6, 849 P.2d 392.

19. *Finnell v. Seismic*, see note 34, supra; *Oliver's Sports Center, Inc. v. National Standard Ins. Co.*, 1980 OK 120, ¶8, 615 P.2d 291.

20. A fee award may be made based on reconstructed records. See, *Burk v. City of Oklahoma City*, note 26, infra.

21. Rule 1.5, Rules Governing Professional Conduct, 5 O.S.2001, Ch. 1, App. 3–A; *Finnell v. Seismic*, see note 34, infra; *Southwestern Bell Tel. Co. v. Parker Pest Control, Inc.*, 1987 OK 16, ¶17, 737 P.2d 1186.

¶ 15 In *Burk*, we set forth the following directive to trial courts:

A particular word of caution to the trial judges of Oklahoma is here warranted. When a question on appeal presents the issue of reasonableness of attorney's fees awarded by the court, abuse of discretion by the trial judge is the standard of review. Therefore, the trial court should set forth with specificity the facts, and computation to support his award. While the compensatory fee is not all that difficult a problem on review if the trial court has made findings into the record regarding hours spent and reasonable hourly rates, the value placed on additional factors will be different in each case. Obviously, the reasonable value to be given for incentive fees should bear a reasonable relationship to the aggregate hourly compensation.

Here, the trial court listed the *Burk* factors in making his ruling.[22] Nevertheless, there is no evidence that guidelines other than the comparison of the fee to the amount recovered played any real role in setting the $2,500.00 attorney fees award. No baseline was arrived at from either Spencer's detailed time records or the draft records offered by the electric company. The awarded fee did not result from the multiplication of an hourly rate, based on evidence presented, times the hours expended. Simply, the trial court awarded the fee based on a determination that the cause was never worth more than $5,000.00 and that it would not support an award of more than $2,500.00 in attorney fees. The award does not comport with the guidelines of *Burk v. Oklahoma City*, 1979 OK 115, 598 P.2d 659.

### 2) Evidence relating to the attorney fees issue.

¶ 16 Neither party presented an independent witness to testify on the appropriate hourly rate to be charged for attorney fees. Spencer's attorney testified that he had been practicing law for seventeen years and that his rates of $180.00 per hour for out of court time and $250.00 per hour for court appearances were appropriate, reasonable and consistent with the rates of other attorneys in the Seminole area.[23] OG & E countered the proposed hourly rate by supplying a copy of an Oklahoma Bar Association Survey indicating that in 2002 metro area attorneys were charging $156.72 per hour while non-metro attorneys were charging $138.55. Interestingly enough, the OG & E attorney testified that he did not know what he billed per hour.[24] Spencer's attorney also testified that he had put 47.68 hours into prosecuting the cause. The number of hours is reasonable when considered with OG & E's admission that it had in excess of 125 hours of attorney time invested in the cause.[25]

¶ 17 Considering Spencer's proposed in court and out of court hourly rates applied to

---

22. See note 14, supra.

23. Transcript of proceedings, April 21, 2006, Jerry L. Colclazier testifying in pertinent part at pp. 39–40:

"... I've been practicing law for approximately 17 years, and, I believe, I have the experience and technical skills to charge rates of $180 an hour for out of Court time, and I believe that the rates which I charge are equal to the rates which are charged by other attorneys in the Seminole area. I charge $250 an hour for in Court time which I also believe is appropriate and reasonable for other attorneys in the Seminole area...."

An attorney's testimony and time records have been found sufficient to uphold an attorney fees determination. *Dean Bailey Olds, Inc. v. Richard Preston Motor Co., Inc.*, see note 10, supra. Expert testimony need not be included in the hearing on attorney fees to uphold the award. *CNA Ins. Co. v. Krueger, Inc.*, 1997 OK 142, ¶ 18, 949 P.2d 676.

24. Transcript of proceedings, April 21, 2006, William P. Tunnell, Jr. testifying in pertinent part at p. 65:

"... Q And what's your billing rate?
A Honestly, I don't know.
Q You don't know what you charge the clients?
A No, I really don't know...."

25. Transcript of proceedings, April 21, 2006, William P. Tunnell, Jr. testifying in pertinent part at pp. 63–64:

"... Q And as of February 3rd, 2006, how many hours had you billed on this case?
A I don't know.
Q Would you check your billing records and find out?
A Well, I can check Exhibit 1, which I'm looking at right now, and I believe that it would be current through February 3rd, 2006. I believe that it says here is 125.50 hours...."

the reconstructed billing statement, the amount sought as attorney fees is $8,775.37. If only the lower of the two hourly rates presented by Spencer is applied to all time expended, the attorney fee award would be $8,582.40. Applying OG & E's proposed hourly rate, the award would be $6,606.64. When the rates as proposed by Spencer are accepted and applied to the draft statement, which OG & E insists is the more accurate estimation of the time involved in the case, the award would be $5,325.37. Finally, if the $840.00 billed for time expended on a motion to vacate judgment entered when the attorney failed to appear at the disposition docket is subtracted from this total, the proposed attorney fees would be reduced to $4,487.37.

¶ 18 None of the proposed amounts, ranging from almost $9,000.00 to a low of approximately $4,500.00, bears any rational relationship to the trial court's award of $2,500.00. **When divided by the hours Spencer had in the case, the amount awarded is less than $53.00 per hour for attorney time, one-third of the hourly rate proposed for a rural attorney in the Tulsa area by OG & E, and a rate considered reasonable by this Court almost thirty years ago.**[26] The award of $2,500.00 for approximately 48 hours of attorney time is not supported by reason or the evidence.

¶ 19 **b. Under the facts and evidence presented, $7,104.50 in attorney fees should be awarded to the customer.**

### 1) Lodestar fee.[27]

■ ¶ 20 We now turn to the issue of the attorney fees to be awarded. As noted Spencer sought $8,775.57 in attorney fees before the trial court. OG & E argued that no attorney fees should be awarded. In the alternative, it asserted that the requested amount be reduced by $3,450.00 for discrepancies between its draft statement and the reconstructed statement necessitated by a computer crash. The electric company also contended that Spencer's attorney should not be allowed to bill for $840.00 resulting from his negligence in the necessity of the filing of a motion to vacate after missing a disposition docket. Had the trial court accepted the figures OG & E proffered, the net amount of attorney fees award would have been $4,487.37.

¶ 21 The time expended by Spencer's attorney, 47.68 hours, is less than half of the 125 hours counsel for OG & E admits were put into the cause. The only evidence presented by Spencer on the hourly rate charged was the testimony of her attorney that he charged hourly rates of $180.00 for out of court time and $250.00 per hour for court appearances. The electric company presented a 2002 Oklahoma Bar Association Survey report urging the trial court to rely on the mean average of $138.55 for non-metro attorneys. However, when the report is examined, it is apparent that 40.48 percent of non-metro attorneys surveyed charge between $126 and $150 per hour.[28]

¶ 22 Under the facts presented, it appears that a reasonable calculation for a lodestar fee is 47.68 hours at the rate of $150.00 for a total of $7,152.00. Nevertheless, we also agree that it would be egregious to require either the attorney's client or OG & E to bear the burden of paying for the attorney's mistake in failing to appear for the disposition docket. Therefore, 4.65 hours times the hourly rate of $150 for a total of $697.50 shall be deducted from the lodestar fee.[29] Having

---

26. *Burk v. City of Oklahoma City*, 1979 OK 115, ¶ 12, 598 P.2d 659. In 2000, we approved an hourly award of $165.00. *Dean Bailey Olds, Inc. v. Richard Preston Motor Co., Inc.*, see note 10, supra. In 1989, we approved an hourly award of $150.00. *Amcole Energy Corp. v. Mann Indus., Inc.* 1989 OK 32, ¶ 15, 785 P.2d 293.

27. The lodestar/compensatory/base fee is an amount reached by multiplying the time spent by the hourly rate charged by the attorney. It is the "lodestar" to which additional fees are added based upon the factors enumerated in *Burk v. City of Oklahoma City*, see note 26, supra. *Tib-*

*betts v. Sight 'n Sound Appliance Ctr.*, see note 15, supra.

28. Exhibit B to OG & E's response to plaintiff's application for attorneys fees and costs and reciprocal application for attorneys fees and costs, filed March 14, 2006, providing that in 2002 40.48% of non-metro attorneys were charging "$126 to $150."

29. The determination that 4.65 hours of attorney time should be deducted was calculated by dividing the $840.00 originally billed in relation to

so done, we determine that a base fee of $6,454.50 should be awarded to Spencer and assessed as costs against OG & E.

██ ¶ 23 The lodestar fee, which exceeds Spencer's award by $1,454.50, is not unreasonable when compared to the $5,000.00 confessed judgment. The attorney fees awarded are thirty percent more than the award. While we are committed to the rule that a fee for legal services must bear some reasonable relationship to the judgment, we have never identified a percentage above which a fee's relationship to the damage award must be deemed unreasonable *per se*.[30]

¶ 24 In *Southwestern Bell Telephone Co. v. Parker Pest Control, Inc.*, 1987 OK 16, ¶ 17, 737 P.2d 1186, we approved a $3,000 fee award for a suit in which the plaintiff sought $3,867 and the defendant confessed judgment for $1,500. In *Arkoma Gas Co. v. Otis Engineering Corp.*, 1993 OK 27, ¶ 6, 849 P.2d 392, we affirmed a fee award of $5,500 in a breach of warranty case in which the plaintiff sued for more than $70,000 and ultimately recovered only $100.[31] Clearly, the allowance awarded in the instant case is within the range of fees in relation to damages previously approved by this Court.

### 2) Incentive fee.

██ ¶ 25 Spencer asserts that the awarded fee should be enhanced specifically when considering the following *Burk* factors: time and labor required; novelty and difficulty of the questions; the fact that billing the client for any fees would have been futile as she was unable to pay the same; the amount at issue and the results received; and the undesirability of the cause. Undoubtedly, OG & E opposes enhancement on grounds that the

original award of $2,500.00 was a reasonable fee.

¶ 26 Although this cause began as a simple declaratory judgment action with the hope of some money damages to be collected, it quickly became much more complicated. OG & E raised affirmative defenses of insufficient service, unclean hands, limitations, failure to mitigate, Spencer's negligence and federal preemption. Ultimately the electric company filed a motion to dismiss adding arguments of improper venue and lack of authority to award damages in a declaratory judgment action. Furthermore, this is a cause that Spencer's attorney took knowing that he would most likely not receive any fee from the disabled mother with three dependents.[32] Five thousand dollars to an individual in Spencer's situation most certainly was significant. Finally, this was not an attractive case. Although it involved a "David vs. Goliath" battle, there was little chance that the case would create a windfall in favor of Spencer's attorney in the nature of either the attention of the press or an increased client base.

¶ 27 Conversely, Spencer has been awarded fees based on a reasonable hourly rate and the time dedicated to this cause most certainly did not prevent the taking on of additional clients or caseloads. Under all these facts, we determine that the reasonable loadstar fee of $6,454.50 should be increased as an incentive by $650.00, approximately ten percent.[33] We hold that the total fee to be collected as costs from OG & E in Spencer's favor is $7,104.50.

### CONCLUSION

¶ 28 Discretion is abused, so as to warrant reversal, when a trial judge makes a clearly erroneous conclusion and judgment, against

vacation of the motion to dismiss by Spencer's attorney's out of court rate of $180.00.

30. *Finnell v. Seismic*, see note 34, infra.

31. See also, *AME, Inc. v. Consolidated Freightways*, 1989 OK CIV APP 57, 783 P.2d 499 in which the Court of Civil Appeals upheld an attorney fees award as reasonable of $6,881.25 on a judgment of $5,123.02.

32. Transcript of proceedings, April 21, 2006, Jerry L. Colclazier testifying in pertinent part at p. 41:

"... Q In this particular case, did you send any other statement, other than Exhibit 1, to your client detailing your fees?
A I don't recall. Ms. Spencer did not have the ability to pay her attorney's fees and for that reason it's possible."

33. In *Burk v. City of Oklahoma City*, see note 26, supra, the Court approved a 40% incentive fee of $50,000.

reason and the evidence.[34] On this record, we are constrained to hold that the award set was without a basis in reason or evidence and an abuse of discretion occurred. The failure to follow the directives of *Burk v. Oklahoma City,* 1979 OK 115, 598 P.2d 659 in setting the attorney fees and to make an award consistent with the evidence presented constitutes an abuse of discretion requiring reversal. Under the facts and evidence presented, $7,104.50 in attorney fees should be awarded as costs against OG & E.

¶ 29 Spencer requested appeal related attorney fees in a separate section of the brief in chief filed on December 22, 2006. The request complies with Rule 1.14, Supreme Court Rules, 12 O.S.2001, Ch. 15, App. 1. Appeal related attorney fees may be awarded in cases where there is statutory authority to award a fee for legal services rendered in the underlying cause.[35] The trial court found, and we agree, that the award of attorney fees was appropriate under either 12 O.S. Supp. 2002 § 936 [36] or 12 O.S.2001 § 938.[37] The application is granted. On remand, the trial court shall conduct an adversarial hearing to determine a reasonable fee for legal services provided to Spencer in the appeal and certiorari related proceedings.[38]

**COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT AFFIRMED IN PART AND REVERSED IN PART; REMANDED FOR DETERMINATION OF APPEAL AND CERTIORARI RELATED ATTORNEY FEES.**

EDMONDSON, V.C.J., OPALA, KAUGER, WATT, TAYLOR, COLBERT, JJ. concur.

WINCHESTER, C.J., HARGRAVE, J. concur in result.

**34.** *Tibbetts v. Sight 'n Sound Appliance Ctrs.,* see note 15, supra; *Finnell v. Seismic,* 2003 OK 35, ¶ 8, 67 P.3d 339; *Green Bay Packaging, Inc. v. Preferred Packaging, Inc.,* 1996 OK 121, ¶ 32, 932 P.2d 1091; *Broadwater v. Courtney,* 1991 OK 39, ¶ 7, 809 P.2d 1310.

**35.** *Finnell v. Seismic,* see note 34, supra; *Baptist Medical Ctr. of Oklahoma, Inc. v. Aguirre,* 1996 OK 133, ¶ 17, 930 P.2d 213; *Sisney v. Smalley,* 1984 OK 70, ¶ 20, 690 P.2d 1048.

**36.** Title 12 O.S. Supp.2002 § 936, see note 11, supra.

**37.** Title 12 O.S.2001 § 938, see note 12, supra.

