2015 OK CIV APP 40

Elizabeth HALL,
Plaintiff/Appellee/Counter–Appellant,

v.

Doris DEARMON,
Defendant/Appellant/Counter–Appellee.

No. 112,759.

Court of Civil Appeals of Oklahoma,
Division No. 3.

April 3, 2015.

Scott R. Hall, Scott R. Hall & Associates, P.L.L.C., Tulsa, Oklahoma, for Appellee/Counter–Appellant.

Greg D. Givens, Christopher T. Combs, Sheila R. Benson, Givens Law Firm, Oklahoma City, Oklahoma, for Appellant/Counter–Appellee.

LARRY JOPLIN, Judge.

¶ 1 In the principal appeal, Defendant/Appellant/Counter–Appellee Doris Dearmon (Defendant) seeks review of the trial court's order granting attorney's fees and costs to Plaintiff/Appellee/Counter–Appellant Elizabeth Hall (Plaintiff) on motion of Plaintiff after Plaintiff accepted Defendant's offer to confess judgment. In the counter-appeal, Plaintiff asserts the trial court abused its discretion in awarding less than the amount of the attorney's fees and costs she sought.

¶ 2 The automobile owned and driven by Defendant collided with the automobile owned and driven by Plaintiff. Plaintiff commenced the instant action to recover damages for injury to her person and automobile. Defendant admitted the claim for damage to Plaintiff's car but denied Plaintiff's claim for damages for personal injury.

¶ 3 Defendant engaged an appraiser who estimated that the accident resulted in the diminished value of Plaintiff's car of $2,788.00 after repairs. On June 2, 2012, Defendant offered to settle Plaintiff's claim on payment of $2,788.00, attorney's fees in the sum of $3,001.00 and costs of $309.34. Plaintiff rejected Defendant's offer.

¶ 4 On July 30, 2013, Defendant filed an offer to confess judgment in the amount of $2,788.00, not including attorney's fees. On July 31, 2013, Plaintiff accepted Defendant's offer to confess judgment.

¶ 5 On October 23, 2013, Plaintiff filed a motion to assess attorney's fees and costs. To the motion, Plaintiff attached her attorney's time records demonstrating the investment of 80.6 hours at the rate of $250.00 per hour for a total attorney's fee claim of $19,950.00 on the claim for damage to property alone, as well as costs of $1,052.75. Plaintiff asserted she was entitled to an award of prevailing party attorney's fees for the prosecution of her claim for damage to her automobile under 12 O.S. § 940, and prevailing party costs under 12 O.S. § 942.

¶ 6 Defendant responded. Defendant argued that Plaintiff claimed no physical injury to her property, and that §. 940 did not permit an award of attorney's fees for the successful recovery of only economic damages for the diminished value of Plaintiff's car.

¶ 7 The parties appeared for hearing on February 18, 2014. Plaintiff presented the testimony of an attorney, who opined that the claim for diminished value constituted a claim for damage to property covered by § 940, and that the number of hours and hourly rate of compensation claimed by Plaintiff's attorney were reasonable. Defendant presented the testimony of an attorney and former associate district judge, who opined § 940 did not authorize an award of attorney's fees related to the successful recovery of economic damages for diminished value, and that a reasonable attorney's fee would be $6,642.00, calculated by multiplying a reasonable number of hours (49.2) related solely to the claim for property damage times a reasonable hourly rate of $135.00 per hour. The trial court took the matter under advisement.

¶ 8 By·minute order dated March 17, 2014, memorialized by journal entry of judgment filed April 22, 2014, the trial court granted attorney's fees and costs to Plaintiff, holding:

After reviewing the motions, the arguments by counsel, and considering all information and documentation offered in support of and opposition to this motion, the Court determines that Plaintiff is entitled to fees and costs pursuant to 12 O.S. §§ 940 and 942. The diminution in value of·Plaintiff's vehicle caused by the accident is an element of injury to property, entitling Plaintiff to an attorney fee award. Because of the marital relationship existing between Plaintiff and Plaintiff's husband, the nature of some of the itemized services (those services typically performed by the vehicle owner rather than the attorney), as well as, the lack of evidence of a fee agreement or an agreed-to fee between the attorney and client, the Court determines that those limited legal services were for self-representation, subjecting those services to the clear and convincing standard and the requirements of *Weaver v. Lamb [Laub]*, [1977 OK 242,] 574 P.2d 609 (Okla.1977). The Court orders that judgment is hereby awarded to the Plaintiff, and against the Defendant, for attorney's fess in the amount of $8,850.00, based on 59 hours of necessary legal services at the reasonable hourly rate of $150.00, and recoverable court costs in the amount of $1002.75.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that judgment is hereby entered in favor of the Plaintiff and against the Defendant, Doris Dearmon, for the total sum of $9,852.75, plus statutory interest to accrue until paid in full.

¶ 9 In the principal appeal, Defendant first asserts § 940 does not authorize an award of prevailing party attorney's fees based solely on the recovery of the purely economic loss for diminished value of Plaintiff's vehicle, and § 940 permits an award *only* based on the successful recovery for *actual physical* damage to Plaintiff's car. Defendant secondly argues that the attorney's fees allowed are wholly unreasonable, excessive and disproportionate to the actual amount in controversy. Defendant lastly challenges the award of costs as unauthorized by § 942.

¶ 10 In the counter-appeal, Plaintiff asserts the trial court abused its discretion and arbitrarily reduced the amount of attorney's fees claimed, especially considering the testimony of its expert establishing the reasonableness of the number of hours expended and the hourly rate of compensation. Plaintiff secondly asserts the trial court erroneously failed to properly award "enhancement/incentive" attorney's fees allowed by· *Spencer v. OG & E*, 2007 OK 76, 171 P.3d 890, and *Burk v. Oklahoma City*, 1979 OK 115, 598 P.2d 659. Plaintiff lastly asserts the costs awarded were proper and reasonable under 12 O.S. § 942.

¶ 11 The question of whether an award of attorney's fees is authorized presents a question of law, subject to *de novo* review on appeal. *Corr v. Smith*, 2008 OK 12, ¶ 15, 178 P.3d 859, 863; *Finnell v. Seismic*, 2003 OK 35, ¶ 7, 67 P.3d 339, 342. The amount of "[a] trial court's attorney fees award is reviewed for abuse of discretion." *Spencer*, 2007 OK 76, ¶ 13, 171 P.3d at 895; *Tibbetts v. Sight'n Sound Appliance Centers, Inc.*, 2003 OK 72, ¶ 3, 77 P.3d 1042, 1046.

¶ 12 Section 940(A) of title 12, O.S., provides:

In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.

Section 942 of title 12, O.S., authorizes an award for certain items as costs.

¶ 13 Generally speaking, "attorney fees recoverable under the provisions of .·.. § 940 by the prevailing party contemplate only those actions for damages for the negligent or willful *physical* injury to property." *Woods Petroleum Corp. v. Delhi Gas Pipeline Corp.*, 1984 OK 94, ¶ 13, 700 P.2d 1011, 1013. (Emphasis original.) So, the prevailing party on a claim for damage to real property from seismic operations, or damage

to a water source as the result of the construction of a sewage lagoon, or for destruction of growing crops, and temporary and permanent injury to farmland attributable to the well operator-defendant's willful or negligent acts, was entitled to an award of attorney's fees under § 940(A) because the claims arose directly from some physical injury to property. *Finnell v. Seismic*, 2003 OK 35, 67 P.3d 339 (damage to real property from seismic operations); *Schaeffer v. Shaeffer*, 1987 OK 30, 743 P.2d 1038 (damage to water source); *Briscoe v. Harper Oil Co.*, 1985 OK 43, 702 P.2d 33 (damage to crops and farmland). *See also, BP Pipelines (North America) Inc. v. C.D. Brown Const., Inc.*, 473 Fed.Appx. 818 (10th Cir.(Okl.) 2012).[1] On the other hand, the prevailing party on a claim for slander of title, or conversion, or mis-measurement of gas taken from a mineral estate, was not entitled to attorney's fees under § 940 because the claims did not arise directly from some physical injury to property. *See, Stites v. Duit Const. Co., Inc.*, 1999 OK CIV APP 113, 992 P.2d 913 (conversion); *Turner Roofing & Sheet Metal, Inc. v. Stapleton*, 1994 OK 36, 872 P.2d 926 (slander of title); *Woods Petroleum*, 1984 OK 94, ¶¶ 13–14, 700 P.2d at 1013 (mis-measurement of gas). However, the parties cite, and we find, no pronouncement of the Oklahoma appellate courts speaking directly to the issue presented in this case, and that is, whether the prevailing party on a claim for the diminished value of personal property caused by the willful or negligent act of another is entitled to an award of attorney's fees under § 940(A).

¶ 14 Defendant cites cases from other jurisdictions construing the phrase, "property damage," defined in policies of property insurance as "physical damage to property," as not including claims for economic damages such as diminished value. *See, Goodstein v. Continental Cas. Co.*, 509 F.3d 1042 (9th Cir.(Wash.) 2007); *Auto–Owners Ins. Co. v. Carl Brazell Builders, Inc.*, 356 S.C. 156, 588 S.E.2d 112 (2003); *Hartford Acc. & Indem. Co. v. Pacific Mut. Life Ins. Co.*, 861 F.2d 250 (10th Cir.(Okl.) 1988); *Federated Mut.*

*Ins. Co. v. Concrete Units, Inc.*, 363 N.W.2d 751 (Minn.1985); *Wyoming Sawmills, Inc. v. Transportation Ins. Co.*, 282 Or. 401, 578 P.2d 1253 (1978). However, insofar as these cases involve the construction of specific contract language of an insurance policy defining "property damage," we do not find them instructive here.

¶ 15 Plaintiff cites a decision of the Oklahoma Supreme Court which we find supports application of § 940(A) in the present case. In *Brennen v. Aston*, 2003 OK 91, 84 P.3d 99, plaintiff sued defendant to recover, inter alia, damages for the post-repair diminished value of his vehicle, obtained judgment, and the trial court awarded plaintiff attorney's fees. 2003 OK 91, ¶ 5, 84 P.3d at 101. On appeal, but without discussion of the attorney's fee award, the Oklahoma Supreme Court held that the proper measure of damages to personal property included not only the cost of repairs, but also the post-repair diminution in value of the property, and affirmed judgment for plaintiff. *Brennen*, 2003 OK 91, ¶ 12, 84 P.3d at 102.

¶ 16 In this respect, Plaintiff argues that the trial court's award of attorney's fees to plaintiff in *Brennen* could only be based on § 940(A) and plaintiff's status as prevailing party on his claim to recover the post-repair diminished value of his personal property. So, says Plaintiff, *Brennen* tacitly supports the trial court's award of § 940(A) prevailing party attorney's fees to her in this case on her claim to recover for the post-repair diminished value of her car.

¶ 17 Although the Supreme Court did not specifically address the application of § 940(A) in *Brennen*, we are satisfied the reasoning expressed in *Brennen* supports the application of § 940(A) in the present case. The Supreme Court in *Brennen* specifically held that damages for diminished value constituted a *proper element of damages* in a suit to recover for damage to personal property. The damages for diminished value flow directly from and are a part of the damage to the personal property. If damages for di-

---

1. Relying on *Finnell*, the 10th Circuit Court of Appeals held the prevailing party on a claim to recover for damage to a buried pipeline and costs of remediation to remove spilled oil from the surface estate was entitled to an award of attorney's fees under § 940(A).

minished value constitute a proper element of recovery in a suit for damage to personal property, it necessarily follows that the claim for damage to personal property, including damages for diminished value, constitutes a claim for the negligent or willful damage to property within the scope of § 940(A).

¶ 18 The gravamen of Plaintiff's recovery in the present case was for damage to Plaintiff's vehicle. Plaintiff recovered a sum representing the post-repair diminished value of her car, and was the prevailing party on her claim for damage to her personal property. As prevailing party, Plaintiff was entitled to an award of attorney's fees under § 940(A), and we hold the trial court did not err as a matter of law in awarding her such fees.

■ ¶ 19 In the principal appeal, Defendant also asserts the trial court erred in awarding wholly excessive and unreasonable fees, disproportionate to the actual amount in controversy. In the counter-appeal, Plaintiff asserts the trial court erred in arbitrarily awarding less than the amount of attorney's fees claimed, supported by competent expert testimony establishing the reasonableness thereof, and without an award of an "enhanced" fee authorized by *Spencer* and *Burk*.

■ ¶ 20 "Generally, the correct formula for calculating a reasonable fee is to: (1) determine the compensation based on an hourly rate; and (2) enhance the fee through consideration of the factors outlined in *Burk v. Oklahoma City,* 1979 OK 115, 598 P.2d 659 (*Burk* factors)." *Spencer,* 2007 OK 76, ¶ 13, 171 P.3d at 895. (Footnotes omitted.) As the Supreme Court in *Spencer* explained:

The factors set out in *Burk v. Oklahoma City* are: time and labor required; novelty and difficulty of the questions; skill requisite to perform the legal service; preclusion of other employment; customary fee; whether the fee is fixed or contingent; time limitations; amount involved and results obtained; experience, reputation and ability of the attorneys involved; risk of recovery; ·nature and length of relationship with the client; and awards in similar causes. An attorney seeking an award must submit detailed time records and offer evidence of the reasonable value of the

services performed based on the standards of the legal community in which the attorney practices. Thereafter, steps are taken to determine a reasonable fee. First, from the detailed time records, a lodestar fee is arrived at by multiplying the attorney's hourly rate by the hours expended. Second, the fee may be enhanced by application of the *Burk* factors. Finally, any fee so calculated is subject to the rule that it must be reasonable and bear some reasonable relationship to the amount in controversy.

2007 OK 76, ¶ 14, 171 P.3d at 895. (Footnotes omitted.)

■ ¶ 21 As we have previously noted, the amount of "[a] trial court's attorney fees award is reviewed for abuse of discretion." *Spencer,* 2007 OK 76, ¶ 13, 171 P.3d at 895. "An abuse of discretion occurs when a decision is based on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling." *Id.*

¶ 22 In the present case, Plaintiff claimed *Burk* "lodestar" attorney's fees of $19,950.00 by multiplying the 80.6 hours invested by the hourly rate of $250.00 per hour, costs of $1052.75, and presented expert testimony argued to establish the reasonableness of the hours spent, the hourly rate and the costs claimed. Defendant presented expert testimony argued to establish, under the circumstances of this case, a reasonable attorney's fee of $6,642.00, based on 49.2 hours at an hourly rate of $135.00 per hour.

¶ 23 The trial court, upon consideration of the evidence and testimony, awarded attorney's fees in the sum of $8,850.00, "based on 59 hours of necessary legal services at the reasonable hourly rate of $150.00," and costs of $1002.75. The amount of the trial court's award was within the range of reasonable fees established by the expert testimony. The trial court explained its reasons for awarding less than the amount claimed. The trial court was not persuaded the case was of such a nature to warrant an incentive fee under the *Burk* factors, and neither are we. On review of the record, we hold the amount of the trial court's award of attorney's fees and costs was authorized by law, was reason-

able and not excessive, and is unaffected by an abuse of discretion.

¶ 24 The order of the trial court is AFFIRMED.

MITCHELL, P.J., and HETHERINGTON, C.J., concur.