1999 OK 32

**Jason Daniel LEE and Ron Lee, Appellants/Counter–Appellees,**

v.

**Adam N. GRIFFITH, Appellee/Counter–Appellant.**

**No. 88,748.**

Supreme Court of Oklahoma.

April 27, 1999.

Rehearing Denied Oct. 21, 1999.

James M. Reid, Edmond, Oklahoma, for Appellants/Counter–Appellees.

Jack S. Dawson, Kimberlee T. Spade, Oklahoma City, Oklahoma, for Appellee/Counter–Appellant.

HODGES, J.

¶ 1 This matter raises a single issue of the proper standard to be applied to the parties' request for attorney fees following a comparative negligence determination. The opinion of the Court of Civil Appeals is vacated and the case is remanded for awards of attorney fees consistent with this Court's directions.

¶ 2 This litigation arose after two vehicles collided at an intersection. One driver, Jason Lee, along with his father, Ron Lee, brought an action for the cost of Jason's injuries and for property damage to the wrecked vehicle. The other driver, Adam Griffith, counterclaimed for damage to his vehicle.

¶ 3 The trial court directed a verdict in favor of Griffith on Ron Lee's claim for property damage after it was determined that Jason Lee actually owned the vehicle. Ron Lee remained in the action to pursue his claim for medical expenses incurred on Jason's behalf. A jury found Griffith to have been 55 per cent negligent. Jason Lee was found to have suffered $5,700.00 in damages. This amount was reduced by 45 per cent, the jury's determination of his negligence, resulting in a recovery of $3,135.00. The journal entry of judgment awarded prejudgment interest on all of Jason Lee's recovery. The jury awarded Ron Lee nothing.

¶ 4 Following the trial, the Lees and Griffith sought an award of attorney fees for the successful defense of the opposing property damage claims. The trial court refused all such requests from any party. The Court of Civil Appeals remanded the case for a determination of Jason Lee's attorney fees for his successful defense of Griffith's property damage counterclaim. That same court refused to allow Griffith an attorney fee for the successful defense of the Lees' property damage claim against him. The issue for certiorari review is whether the Court of Civil Appeals applied the proper standard in making that determination.

¶ 5 The Oklahoma Statutes, at section 940(A) of title 12, provide:

> In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.

An attorney fee award is recoverable to a prevailing party only for the work attributable to a claim for which such fees are statutorily recoverable. *Olansen v. Texaco, Inc.,* 587 P.2d 976, 986—988 (Okla.1978). No provision exists for the recovery of attorney fees by a prevailing party for a personal injury claim. As the Court of Civil Appeals observed, the trial court's journal entry of judgment included prejudgment interest on the entire amount of damages recovered by Jason Lee. Thus, as that court concluded, the entire award appears to have been for personal injury. No damages were awarded to any party on a claim or counterclaim for property damage. Thus, any award of attorney fees must be based upon the successful defense of the property claim or counterclaim asserted.

¶ 6 At this point in its analysis, the Court of Civil Appeals determined that a prevailing party is one "(a) who at the conclusion of the case, has an affirmative judgment in its favor or (b) who has secured a net recovery on its own claim," quoting *Smith v. Jenkins,* 873 P.2d 1044, 1047 (Okla.1994). However, the standard quoted by the Court of Civil Appeals for determining prevailing party was actually the one rejected in *Jenkins* for comparative negligence litigation such as this.

¶ 7 *Jenkins* also involved a two-vehicle collision that resulted in opposing claims for property damage. There, however, both sides obtained a money judgment for property damage and the jury found each party to be 50 per cent at fault. This Court rejected the net recovery approach "in comparative negligence cases—where, as here, both parties prevail on a claim and compulsory counterclaim that arise from the same tortious event." *Id.* at 1048. The *Jenkins* opinion unequivocally concluded that "parties who stand victorious on their respective claims for the same tortious event are each entitled to a counsel-fee allowance against the other, which award, once ascertained, must be reduced by the fact trier's percentage allocation of negligence." *Id.* at 1049.

¶ 8 The only significant difference between *Jenkins* and this matter is that in *Jenkins* the parties each obtained a money judgment against the other. Here, each side successfully defended against a property claim or property claims. That fact, however, does not defeat the requests for attorney

fees. A party who successfully defends a property damage claim is entitled to an attorney fee award under section 940 of title 12. *See Evans v. Sitton,* 735 P.2d 334, 336 (Okla.1987) ("Section 940(A) states that if a judgment is rendered for the defendant, the defendant is entitled to attorney fees as the prevailing party.")

¶ 9 On remand, the trial court is directed to award a reasonable attorney fee to Jason and Ron Lee for the successful defense of Griffith's property damage claim against them. That award is to be reduced by 45%, the percentage of negligence attributably to Jason Lee. The trial court is further directed to award a reasonable attorney fee to Adam Griffith for the successful defense of the property claims assented against him to be reduced by 55%. Finally, the trial court is directed to award additional reasonable attorney fees for appeal related services, relative to the property damage claims, to be reduced in the same manner as the award for trial court services.

¶ 10 Certiorari was not sought on the Court of Civil Appeals holding on the witness fee issue. That holding remains undisturbed.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF CIVIL APPEALS VACATED IN PART; CAUSE REMANDED TO TRIAL COURT WITH DIRECTIONS.

¶ 11 HODGES, LAVENDER, OPALA, ALMA WILSON, KAUGER, JJ., concur.

¶ 12 WATT, J., concurs in part; dissents in part.

¶ 13 SUMMERS, C.J., HARGRAVE, V.C.J., SIMMS, J., dissent.