2017 OK CIV APP 59

**Anthony PARKER and Kenneth Parker, Plaintiffs/Appellants,**

v.

**Michael GENSON, Defendant/Appellee.**

**Case Number: 114451**

Court of Civil Appeals of Oklahoma, Division No. 3.

Decided: 06/09/2017

Mandate Issued: 11/14/2017

Bradley D. Brickell, Brickell & Associates, P.C., Norman, Oklahoma, and Stanley M. Ward, Ward and Glass, Norman, Oklahoma, for Plaintiffs/Appellants.

Sidney A. Dunagan, Ellen A. Adams, Sidney K. Swinson, Brandon C. Bickle, GABLE & GOTWALS, P.C., Oklahoma City, Oklahoma, for Defendant/Appellee.

Bay Mitchell, Presiding Judge:

¶1 Plaintiffs/Appellants Anthony Parker and Kenneth Parker (collectively, "Plaintiffs") appeal the trial court's denial of their Motion for New Trial following an award of prevailing-party attorney fees in the amount of $394,556.75, plus a 25 percent bonus fee, and costs in the amount of $23,289.83 to Defendant/Appellee Michael Genson ("Defendant" or "Michael Genson"). Following our review of the applicable law and facts, we REVERSE the decision of the trial court and REMAND for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Plaintiffs brought suit against three parties, Michael Genson, Robert Genson, and GOG Production, LLC ("GOG") (collectively, "Co-Defendants"), for surface damage to real property caused by oil production operations.[1] Following a jury trial in the District Court of Cleveland County, the jury returned a verdict in favor of Plaintiffs as to their claims against GOG but returned a verdict in favor of the individual defendants, Michael Genson and Robert Genson (together, the "Individual Defendants"). However, the trial judge at the time (The Honorable Tom Lucas) entered judgment notwithstanding the verdict ("JNOV") against the Individual Defendants and also awarded prevailing-party attorney fees and costs to Plaintiffs. All three Co-Defendants in the suit appealed the initial judgment, and all three Co-Defendants filed for bankruptcy protection. A settlement was reached with GOG and Robert Genson during their bankruptcy proceedings, and their appeals of the judgment were dismissed. Michael Genson's bankruptcy was dismissed, so he proceeded with his appeal of the initial judgment.

¶3 On October 25, 2013, Division IV of the Court of Civil Appeals ("COCA") in Case No. 108,619 vacated the post-trial orders which entered judgment JNOV and an award of prevailing-party attorney fees and costs in favor of Plaintiffs as against Michael Genson.[2] COCA directed the district court to

---

1. Robert Genson is Michael Genson's father. Robert Genson and Michael Genson are the sole members of GOG.

2. The opinion specifically stated:
   Our determination here also requires vacation of the trial court's order awarding costs and attorney fees to Plaintiffs as prevailing parties against [Michael] Genson. ...We express no opinion as to the trial court's orders as they relate to other parties whose appeals have been dismissed.

reinstate the jury's verdict given in favor of Michael Genson, thus making him a prevailing party. Defendant then moved the District Court to award his attorney fees and costs against Plaintiffs incurred in all phases of the litigation. Following an adversary hearing, the district court (The Honorable Tracy Schumacher) awarded prevailing-party attorney fees and costs, pursuant to 12 O.S. § 940(A), to Defendant. The amount awarded included the fees incurred on behalf of all three Co-Defendants in the initial suit (Michael Genson, Robert Genson, and GOG), the post-trial litigation at the district court level, and appeal-related work for Michael Genson only. The trial court also enhanced Defendant's requested fees by 25 percent, relying on *Burk v. City of Okla. City*, 1979 OK 115, 598 P.2d 659, and stating, in part, that the enhancement was the "same [percentage] awarded to Plaintiffs by Judge Lucas ... the time and labor involved in the case was significant ... the attorneys involved for the Defendant are quite skilled at this very specialized area of the law ... the fees charged are consistent with the fees charged by attorneys of this caliber ... and the case was undesirable given its age and progress through the trial court post verdict and then on appeal." The trial court also awarded "reasonable and proper" costs in the amount of $23,289.83.

¶ 4 On appeal, Plaintiffs argue that Michael Genson cannot recover attorney fees and costs incurred in the litigation on behalf of all three Co-Defendants because only he was a prevailing party. They insist that, as a matter of law, the trial court must apportion the fees and costs among the prevailing and non-prevailing Co-Defendants. Additionally, Plaintiffs argue the enhancement of 25 percent was not supported by the facts of this case. In contrast, Defendant argues that the sole issue before this Court is whether the trial court's award of attorney fees and costs against Plaintiffs was supported by the evidence. Further, Defendant argues the trial court properly rejected Plaintiffs' apportionment argument.

**3.** Section 940(A) provides:

In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.

## ANALYSIS

¶ 5 Oklahoma strongly adheres to the American Rule that prevailing-party attorney fees are not recoverable in the absence of a statute or enforceable contract. *Morgan v. Galilean Health Enter., Inc.*, 1998 OK 130, ¶ 11, 977 P.2d 357, 362. Section 940(A) of Title 12, relied on by Defendant here, is one such statute.[3] The Oklahoma Supreme Court has emphasized that statutes authorizing the award of attorney fees must be strictly applied. *Fulsom v. Fulsom*, 2003 OK 96, ¶ 8, 81 P.3d 652, 655. "[T]o do otherwise holds out the real possibility of chilling access to the courts." *Id.* "An attorney fee award is recoverable to a prevailing party only for the work attributable to a claim for which such fees are statutorily recoverable." *Lee v. Griffith*, 1999 OK 32, ¶ 5, 990 P.2d 232, 233. Consistent with this view, the Supreme Court has "approved an apportionment of attorney fees where the legal services were performed partly in an action in which attorney fees were recoverable and partly in a matter in which such fees are not allowable." *Sisney v. Smalley*, 1984 OK 70, ¶ 22, 690 P.2d 1048, 1052. Similarly, the Court has reversed an award of attorney fees in a case where the prevailing party was entitled to an award but had asserted counterclaims for which there was no statutory authority for fees, stating that "the trial court should have reduced the award by the amount attributable to [the party's] unsuccessful counterclaim theories." *Green Bay Packaging, Inc. v. Preferred Packaging, Inc.*, 1996 OK 121, ¶ 38, 932 P.2d 1091, 1098.

¶ 6 A review of the relevant case law demonstrates that apportionment usually becomes necessary when a party successfully prosecutes or defends both fee-bearing and non-fee bearing claims. *See RJB Gas Pipeline Co. v. Colo. Interstate Gas Co.*, 1989 OK CIV APP 100, ¶ 68, 813 P.2d 1, 14 (reversing the award of attorney fees and remanding to the trial court to "apportion[ ] attorney fees

to eliminate those fees for the unsuccessful punitive damages claims" based on a tort claim for which there is no provision for the recovery of attorney fees). However, the situation presented by this appeal is different. Here, Plaintiffs argue that apportionment is also necessary between co-defendants, who are represented by the same attorneys, when only one of them was the prevailing party who could recover his attorney fees pursuant to 12 O.S. § 940(A).[4] Neither the parties to this appeal nor our own independent research revealed an Oklahoma appellate decision addressing this precise issue. However, "[f]or an award of attorney fees to be authorized under a particular statute the authorization must be found within the strict confines of the involved statute." *Fulsom*, 2003 OK 96, ¶ 8, 81 P.3d 652. Section 940(A) specifically states that "the *prevailing party* shall be allowed reasonable attorney's fees, court costs and interest to be set by the court ..." 12 O.S. § 940(A) (emphasis added.) Considering the plain language of § 940(A), the Supreme Court's firm statement in support of apportionment set forth in *Lee*, 1999 OK 32, ¶ 5, 990 P.2d 232, the affirmation of a trial court's apportionment of fees between fee-bearing and non-fee-bearing claims, *Sisney*, 1984 OK 70, ¶ 22, 690 P.2d 1048, *Green Bay*, 1996 OK 121, ¶ 38, 932 P.2d 1091, and our state's commitment to the American Rule, *Morgan*, 1998 OK 130, ¶ 11, 977 P.2d 357, we find the trial court has a legal duty to apportion an award of attorney fees and costs among or between prevailing and non-prevailing parties represented by the same attorneys when the award is made pursuant to 12 O.S. § 940(A) and not all represented parties prevailed. To permit otherwise would result in a prevailing party (like Plaintiffs here were against Robert Genson and GOG) paying attorney fees of the parties against whom he prevailed. This is certainly not the result contemplated by the exception to the American Rule set forth in § 940(A). *See also Tsotaddle v. Absentee Shawnee Housing Authority*, 2001 OK CIV APP 23, ¶ 31, 20 P.3d 153, 162 ("In a case involving multiple claims where prevailing-party attorney fees are authorized for only one claim, the law dictates that the court 'apportion' the fees so that attorney fees are awarded only for the claim for which there is authority to make the award.").

¶ 7 The burden of proof lies with the party seeking attorney fees to prove entitlement and to "document[ ] the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The Tenth Circuit has, when interpreting Oklahoma case law on attorney fee awards, found an "exception" to the "rule" of apportionment. *Arnold Oil Properties, L.L.C. v. Schlumberger Technology Corp.*, 508 Fed.Appx. 715, 716-17 (10th Cir. 2013) (unpublished). "If a court finds *all* of the time devoted to the alleged non-fee-bearing claim ... 'would have been necessarily incurred' in connection with a claim that is fee-bearing ... then apportionment is not required. *Id.* (quoting *Transpower Constructors v. Grand River Dam Authority*, 905 F.2d 1413, 1423 (10th Cir. 1990).[5] Defendant urges us to follow this example

---

4. The fact that not all three Co-Defendants in the initial suit were prevailing parties was due, in part, to the post-trial procedural anomalies in this case. However, the jury's verdict also created a situation in which the Individual Defendants were prevailing parties but the corporate defendant, GOG, was not.

5. In *Transpower*, the Tenth Circuit did not interpret the Oklahoma Supreme Court's decision in *Sisney* as "requir[ing] attorneys to apportion fees in every case involving a [non-fee-bearing] claim and some other claim for which fees are recoverable." *Transpower*, 905 F.2d 1413, 1423 (*citing Sisney*, 1984 OK 70, ¶¶ 19-23, 690 P.2d 1048). "Instead, it holds that a prevailing party can recover fees for that portion of his attorney's work not expended solely in prosecuting [the non-fee-bearing claim]." *Id.* We do not disagree

with this interpretation but, rather, view it as supporting the proposition that the party seeking the attorney fees bears the burden to prove entitlement to such. If the moving party can prove, through appropriate and sufficient evidence, that time spent on a non-fee-bearing claim was also spent on the fee-bearing claim, then that time is properly included in the attorney fee award. We note that since the Tenth Circuit's 1990 decision in *Transpower* interpreting *Sisney*, itself a case from 1984, the Oklahoma Supreme Court has issued a more full-throated endorsement of the view that the trial court has a legal duty to apportion attorney fee awards among or between fee-bearing and non-fee-bearing claims. *Lee*, 1999 OK 32, ¶ 5, 990 P.2d 232. *See also Green Bay*, 1996 OK 121, ¶ 38, 932 P.2d 1091.

and find that the fees incurred in the defense of all three Co-Defendants would have been "necessarily incurred" in his defense alone because Plaintiffs' claims against all three Co-Defendants were identical. In *Arnold Oil*, 508 Fed.Appx. at 717, the record supported the trial court's non-apportionment because the "[trial] court expressly held this exception applies, finding [the fee-bearing and non-fee-bearing claim] to be direct corollaries of one another, as reflected in the jury instructions and verdict form utilized at trial." Similarly, in *Transpower*, 905 F.2d at 1423, the record supported the trial court's non-apportionment of fees through reliance on undisputed testimony, pretrial orders, and jury instructions "attesting to the interrelated nature" of the fee-bearing and non-fee-bearing claims.

█ ¶ 8 Here, the trial court made no finding that the fees sought, which included fees incurred on behalf of all three Co-Defendants, would have been incurred on Defendant's behalf alone so as not to require apportionment. Additionally, the record does not support application of the exception to apportionment. To support his attorney fees request, Defendant attached time records of the attorneys who represented all three Co-Defendants during the litigation of this matter. The time records themselves and the testimony at trial demonstrated the attorneys did not attempt to differentiate their time between Michael Genson and the other two Co-Defendants until, possibly, the appeals of GOG and Robert Genson took different tracks due to the bankruptcy proceedings. One of the attorneys who represented all of the Co-Defendants for part of the litigation but later left the law firm testified that it was impossible to segregate the billing this way because the claims Plaintiffs brought against the Co-Defendants were identical. We take issue with this position for several reasons.

█ ¶ 9 First, the trial court halted the questioning of Plaintiffs' counsel on this topic. The trial court "sustained her own objection" when Plaintiffs' counsel asked one of Defendant's attorneys how he would have set up the billing had the Co-Defendants not been related both personally and professionally. She agreed with Defendant's counsel that the situation presented here was different, but Defendant's counsel presented no argument or evidence to support this position such as the petition, pre-trial order, or other such filing, documenting the issues to be tried.[6] Defendant relied on just a simple statement that the claims were identical and for that reason alone the billing could not be separated. Considering the language in 12 O.S. § 940(A) that "the prevailing party shall be allowed reasonable attorney's fees, ..." and the requirement that the party seeking fees bears the burden of proof, *Hensley*, 461 U.S. at 437, 103 S.Ct. 1933, Defendant must have provided something more to support his position that separate billing was impossible and that all fees were necessarily incurred on his behalf. Second, the results of the trial belie Defendant's position. Even if the claims against all three Co-Defendants were the same, the defenses or some other aspect of the Co-Defendants' cases must have been different because the jury reached a different conclusion as to the liability of GOG versus the liability of the Individual Defendants,

6. The trial judge hearing the contested attorney-fee hearing was not the same judge who heard the trial on the merits. We do not doubt the second judge familiarized herself with the record and the trial in this matter before the attorney-fee hearing. We also note that the court has the authority to take judicial notice of its own records. *E.g. Salazar v. City of Okla. City*, 1999 OK 20, ¶ 11, 976 P.2d 1056, 1061. However, Defendant still bore the burden to show entitlement to all the attorney fees he sought, and a bald statement, without argument or authority, that Plaintiffs' claims against all three Co-Defendants were identical is insufficient to support his claim that he is entitled to recover all of the attorney fees incurred on behalf of all three Co-Defendants.

Additionally, we do not have the petition or other filings in the record on appeal to support Defendant's position. On this record, we cannot find support for Defendant's position that the trial court had ample evidence to make the attorney fee award it did. *See A + Welding & Constr., Inc. v. Brichacek*, 1997 OK CIV APP 25, ¶¶ 15-19, 941 P.2d 534, 537-38 (appellee's argument that the judgment should be affirmed on equitable grounds because of deliberate delay by appellant in finalizing and appealing the journal entry would not be considered since all the necessary pleadings and proceedings cited in support of the argument were not included in the appellate record).

notwithstanding Judge Lucas's entry of judgment JNOV.

¶ 10 Defendant also attempts to support the trial court's attorney fee award by arguing that he agreed to be jointly and severally liable with GOG and Robert Genson for all the legal fees incurred in their defense. In the context of contingency fee contracts, the Supreme Court has said that "[t]he amount due under [an attorney fee contract] may not serve as a basis for computing an attorney's fee award against the unsuccessful party." *Morgan*, 1998 OK 130, ¶ 13, 977 P.2d 357. The contract "merely reflects the value of those services to the parties bound by that agreement *inter se.*" *Id.* This rationale applies equally to Defendant's position here. Defendant's agreement to be jointly and severally liable with his Co-Defendants for all of the fees incurred in their defense is immaterial. Pursuant to 12 O.S. § 940(A), only a prevailing party is allowed to recover his reasonable attorney fees. Here, only Defendant was the prevailing party.

¶ 11 The award of attorney fees in the amount of $394,556.75 is REVERSED and REMANDED to the trial court for further proceedings to determine the proper amount of fees to be apportioned to Defendant Michael Genson and taxed to Plaintiffs as recoverable attorney fees pursuant to 12 O.S. § 940(A). As this Court said in *Silver Creek Investments, Inc. v. Whitten*, 2013 OK CIV APP 49, ¶ 15, 307 P.3d 360, 366, "[W]e [leave] for the district court the tasks of determining an appropriate reduction based on [Defendant's] arguments, and setting forth, on the record and with the requisite specificity, the facts and computation upon which [to rest] its determination."

¶ 12 Plaintiffs also take issue with the trial court's decision to enhance Defendant's attorney fee award by 25 percent because it does not meet the requirements of *Burk v. City of Okla. City*, 1979 OK 115, 598 P.2d 659. Specifically, Plaintiff argues the trial court improperly based Defendant's bonus on the 25 percent bonus given to Plaintiffs by Judge Lucas in their attorney fee award against Co-Defendants following the jury trial in this case. Oklahoma courts use the "*Burk* criteria" to determine the reasonableness of an authorized attorney fee award. *In re Adoption of Baby Boy A*, 2010 OK 39, ¶ 27, 236 P.3d 116, 124.

> *Burk* established a two-part reasonableness test: 1) a base fee calculated by multiplying hours worked by an hourly rate ["the lodestar"], and 2) a bonus or incentive fee calculated under the eight factors listed in Rule 1.5 [of the Oklahoma Rules of Professional Conduct].
>
> Generally referred to as the *Burk* criteria, the eight factors are:
>
> 1) time and labor required, novelty and difficulty of the questions involved, and skill requisite to properly perform the legal services;
>
> 2) if apparent to the client, the likelihood the representation will preclude other employment by the attorney;
>
> 3) customary charge in the community for similar legal services;
>
> 4) amount involved and results obtained;
>
> 5) time limitations imposed by the client or the circumstances;
>
> 6) nature and length of the professional relationship with the client;
>
> 7) the experience, reputation, and ability of the attorney performing the legal service; and
>
> 8) whether the fee is fixed or contingent.

*In re Adoption of Baby Boy A*, 2010 OK 39, ¶ 27, 236 P.3d 116.

¶ 13 When awarding the bonus fee in this case, the trial court considered some of the *Burk* factors when it stated that "the time and labor involved in the case was significant ... the attorneys involved for the Defendant are quite skilled at this very specialized area of the law ... the fees charged are consistent with the fees charged by attorneys of this caliber ... and the case was undesirable given its age and progress through the trial court post verdict and then on appeal." While we agree with Plaintiffs the trial court should not have considered that the 25 percent enhancement awarded to Defendant was the "same amount awarded to the Plaintiffs by Judge Lucas," the record demonstrates that the other factors were properly considered by the trial court in determining the reasonableness of Defen-

dant's bonus fee request under *Burk.* We cannot say that the trial court abused its discretion in considering and weighing these factors in favor of the enhancement as requested by Defendant. *See Spencer v. Okla. Gas & Elec. Co.,* 2007 OK 76, ¶¶ 25-27, 171 P.3d 890 (approving an incentive fee of 10 percent considering the "time and labor required; novelty and difficulty of the questions; the fact that billing the client for any fees would have been futile as she was unable to pay the same; the amount at issue and the results received; and the undesirability of the cause."). *But see Silver Creek Investments,* 2013 OK CIV APP 49, ¶¶ 19-28, 307 P.3d 360.[7] However, the 25 percent enhancement is REVERSED insofar as it was calculated based on the district court's award of $394,556.75. On remand, the trial court is instructed to recalculate the 25 percent bonus fee based on the properly apportioned attorney fee award.

¶ 14 Defendant originally sought $23,289.83 in costs. Following the adversarial hearing, Defendant filed a supplemental brief and authority to remove some of the items included in his original cost request (*i.e.,* certain transcript and copying costs) which reduced his cost request to $11,416.70. Without explanation, the trial court awarded Defendant the amount he originally requested ($23,289.83). This cost award is REVERSED. For the reasons set forth in paragraphs 5 through 11, the trial court is instructed on remand to apportion between Defendant and the non-prevailing Co-Defendants the supplemental costs request of $11,416.70 in the same manner and with the same specificity, on the record, as the award of attorney fees.

¶ 15 REVERSED AND REMANDED.

BUETTNER, C.J., and SWINTON, J., concur.

---

**7.** In *Silver Creek,* 2013 OK CIV APP 49, ¶ 27, 307 P.3d 360, a different COCA panel determined that "where the client's expected litigation costs are set in advance [by a contract between the client and his counsel] and the end result is reasonable, imposing additional costs on the losing litigant serves no purpose consistent with a strict construction of [12 O.S. § 939] absent unusual circumstances not present here." Section 939 provides for prevailing-party attorney fees "[i]n any civil action brought to recover damages for breach of an express warranty or to enforce the terms of an express warranty made under [12A O.S. § 2-313]...."